THE MANUFACTURERS LIGHT & HEAT COMPANY *v.*
G. W. KNAPP, *et al.*

(No. 5613)

Submitted September 21, 1926.   Decided October 5, 1926.

1. MINES AND MINERALS—*Grant of Undivided One-Sixteenth of Oil Underlying Land and Undivided Half of Gas (Subject to Previous Lease), Including Undivided One-Sixteenth of Oil Royalties and One-Half Gas Well Rentals, Held to Vest in Grantees' One-Sixteenth of Oil and One-Half of Gas in Place.*

    The grant of the undivided one-sixteenth in all the oil underlying a tract of land, and an undivided one-half of all the gas therein (subject to lease previously made), including the undivided one-sixteenth of the oil royalty and one-half of the gas well rentals, together with the right of ingress and egress in, through and upon the land for oil and gas purposes, vests in the grantee's one-sixteenth of the oil and one-half of the gas in place.   (p. 309.)

    (Mines and Minerals, 40 C. J. § 560.)

2. DOWER—

    Oil and gas in place is real estate to which the right of dower attaches.   (p. 311.)

    (Dower, 19 C. J. § 39 ; Mines and Minerals, 40 C. J. § 442.)

    (NOTE:   Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Appeal from Circuit Court, Wetzel County.

Bill of interpleader by the Manufacturers Light & Heat Company against G. W. Knapp and others to determine the right to royalties under an oil and gas lease.   From a final decree, G. W. Knapp and others appeal.

*Reversed, and decree entered.*

*Larrick & Lemon* for appellant G. W. Knapp.

*Walter A. McGlumphy* and *John C. Hopkins* for appellant Hannah Bowers.

*James T. Miller* for appellee Margaret Crawford.

LITZ, PRESIDENT:

William Knapp, the owner in fee of a tract of 226 acres of land in Wetzel county, by writing dated June 23, 1903, (his wife joining) sold, assigned, transferred and set over unto J. G. Crawford, M. A. Walton, G. W. Bowers and R. J. Robinson "the undivided 1/16 in all the oil underlying" said land; also the undivided 1/2 of their interest in all the gas underlying said tract, subject however to the lease made by me to Ellis Miller, dated the 20th day of July, 1902, it being understood and agreed that the undivided 1/16 of the oil royalty and 1/2 of the gas well rentals therein specified to be paid by the lessees are also included in this assignment, together with the right of ingress and egress in, through and upon said land for oil and gas purposes, to have and to hold said undivided interest in said oil and gas unto the said J. G. Crawford, M. A. Walton, G. W. Bowers and R. J. Robinson, their heirs or assigns, forever, subject as aforesaid".

J. G. Crawford having acquired the interests of his co-owners, he and William Knapp and wife, by written lease dated December 14, 1912, demised the premises for oil and gas purposes to The Venture Oil Company, of Pittsburgh, Pa., which later transferred its interest under the lease to the Manufacturers Light & Heat Company.

By deeds dated August 14, 1914, and October 27, 1914, G. W. Knapp acquired said tract of land from the heirs of William Knapp, subject to the oil and gas interests transferred to J. G. Crawford, M. A. Walton, G. W. Bowers and R. J. Robinson, and the lease to The Venture Oil Company. Hannah Bowers, the wife of G. W. Bowers (now deceased) not having joined in the transfer of his interest to J. G. Crawford, is claiming dower therein.

The interest of J. G. Crawford is vested in his widow, Margaret Crawford.

A dispute having arisen concerning the division of royalties under the lease to The Venture. Oil Company, the Manufacturers Light & Heat Company filed a bill of interpleader against G. W. Knapp, Margaret Crawford and Hannah Bowers, to have the matter judicially determined. The circuit court decreed upon final hearing that the writing of June 23, 1903, transferring to J. G. Crawford, M. A. Walton, G. W. Bowers and R. J. Robinson "the undivided one sixteenth (1/16) in all the oil" underlying the 225 acre tract of land, or "the undivided one sixteenth (1/16) of the oil royalty" derived therefrom, invested in the grantees "one-half of the royalty oil"; and decreed further that Hannah Bowers was not entitled to dower in the interest formerly owned by G. W. Bowers, deceased. G. W. Knapp complains of the first, and Hannah Bowers of the second, ruling.

The language of the paper, transferring one-sixteenth of the oil in place, or one-sixteenth of the "oil royalty", does not require interpretation. How can one-sixteenth equal one-half?

The cases of *Horner* v. *Philadelphia Co. of West Virginia,* ·71 W. Va. 345, 76 S. E. 662; *Snodgrass* v. *Coen,* 82 W. Va. 337, 96 S. E. 606, and *Paxton* v. *Benedum-Trees Oil Co.,* 80 W. Va. 187, 94 S. E. 422, relied on by the appellee, Margaret Crawford, do not sustain the ruling. In the first of these cases it was held that a deed granting "all of 1/2 of the royalty, being 1/16 of all the oil and 1/2 of. all the gas within" a tract of land, under lease to a third party, conveyed to the grantee the right to have delivered to him by the lessee 1/16 of the oil produced, and 1/2 of the gas rentals. The second case construed a grant of "1/8 part of the oil and gas underlying, and that may be produced from" a tract of land, with the provision "if the said land is not operated under the lease now on same the said second parties (the grantees) are to have the rights to operate the said land and if the lease now on the said land is surrendered, then the parties

of the first part do grant unto the second parties the right to operate the said land on this lease and deed royalty, and no one else to have the right to lease or operate the same'', as conveying the fee simple of the oil and gas in place. The grant in the Paxton case was of ''1/16 of all the oil and 1/2 of all the gas within and underlying'' certain lands, ''including in this conveyance the 1/2 of all the royalties, incomes and rentals that may hereafter arise therefrom or accrue upon the real estate hereinafter described, by virtue of an oil and gas lease, or leases, now on said several tracts of land, or which may hereafter be placed upon said several tracts of land or any of them''. Interpreting the deed most strongly against the grantors, it was construed as conveying 1/2 of the royalties or 1/2 of the oil and gas in place.

The conveyance in the writing under consideration of one-sixteenth (1/16) of the oil in place agrees with the grant of one-sixteenth (1/16) of ''oil royalty''. The effect of the paper is to transfer to the grantees, pro tanto, the oil and gas in place. Thornton's Law of Oil and Gas, 4th Ed., Sec. 18; *Paxton* v. *Benedum-Trees Oil Co.,* cited.

Oil and gas in place being part of the realty (*Williamson* v. *Jones,* 39 W. Va. 231; *Preston* v. *White,* 57 W. Va. 278). Hannah Bowers, as widow of G. W. Bowers, deceased, is entitled to dower in the interest formerly owned by him. Margaret Crawford, who owns this interest, may, however, discharge the dower claim of Hannah Bowers by payment of money, to be computed on the value of the property at the time of its alienation, in accordance with Section 12 or Section 17, Chapter 65, Code.

The decree in the circuit court will be reversed and decree entered here in accordance with this opinion.

*Reversed, and decree entered.*