## ·CHARLESTON.

David W. Law *v.* The Heck Oil Company *et al.*

(No. 6416)

Submitted October 31, 1928. Decided November 13, 1928.

*Harper & Baker, S. P. Bell* and *Harold A. Ritz,* for appellant.

*Grover F. Hedges* and *Thomas P. Ryan,* for appellee.

Maxwell, Judge:

The plaintiff is the owner in fee of an undivided one-seven-hundred and sixty-eighth interest in the oil and gas under-

lying a tract of 131½ acres of land in Jackson county. The Heck Oil Company holds leases for development purposes on the remaining oil and gas interests in the said land, and having failed to obtain a lease from the plaintiff, it undertook to drill a well without his consent, after it had given assurance to him that account would be made for his full proportionate share of the mineral production, if any, without deduction for expense of development or operation.

This is an appeal from a final order entered by the circuit court of Jackson county at the instance of the plaintiff permanently enjoining the oil company from drilling on said land for oil or gas without the consent of the plaintiff.

It appears that in the negotiations for a lease from plaintiff of his interest he offered to execute a lease in consideration of a bonus of $1,000.00. This amount was deemed grossly excessive, and the offer was not accepted. The company takes the position that the plaintiff's conduct is inequitable and unjust; that he does not come into equity with clean hands; and that the owner of such a small fractional interest, who is unable to obtain an exorbitant price which he has placed on his interest, ought not to be permitted to prevent development which is desired by all his co-owners, and which the lessee is willing and ready to undertake.

In a controversy wherein a party seeks to stand on his legal or equitable rights the courts do not look to his motives, but undertake only to determine what are his rights. "The court will not inquire into the motive which actuates plaintiff in bringing the suit. Where he has shown a right to an injunction it is immaterial that he is seeking it for other purposes than the assertion and enforcement of the rights upon which he relies." 32 C. J. 67, and cases cited. Also 1 R. C. L. 320.

It is further urged by the company that it ought to be permitted to proceed with development in order to prevent drainage. In this connection it is sufficient to say that although the record discloses some oil and gas production from adjoining lands, there is no evidence, opinion or otherwise, that oil and gas underlying the land in question is now being drained away through said wells, or that such drainage will likely occur through other neighboring wells now drill-

ing. T. I. Hartley wells numbers one, two and three pro-duce oil in small quantities. Number one is six or seven hundred feet from the boundary line of the land in question and produces about two barrels of oil per day; number two is about five hundred feet from the line and produces one and one-half barrels per day; number three with a daily production of two barrels is about four hundred forty feet from the line. This seems to be the only oil production from adjoining land. Now as to the gas wells. D. H. Shaffer numbers one and two are eight hundred feet and two hundred forty feet, respectively, distant from the land in question. Number one is plugged and gas is not being used from number two. At the time of the taking of testimony in September, 1928, a well was being drilled on the land of George Kuhl heirs about three hundred feet from the boundary of the land here involved. Two other locations seem to have been made on the T. I. Hartley land.

In this situation we are asked to assume that there is drainage. We cannot do so. It is a matter of proof and not assumption.

Plaintiff's legal position is well taken. Oil and gas in place is real estate. *Williamson* v. *Jones*, 43 W. Va. 562; *Minner* v. *Minner*, 84 W. Va. 679. And an unqualified owner of real estates or an interest therein is entitled to have it remain in such condition as he sees fit, *Ephriam Creek Coal & Coke Co.* v. *Bragg*, 75 W. Va. 70, *Pardee et al.* v. *Camden Lumber Co.*, 70 W. Va. 68, subject of course, to the right of a co-tenant to compel partition or sale as provided by statute, and to protect from dissipation, through drainage by operators on other land, estates in oil and gas. Where irreparable injury is involved equity will enjoin waste if the violation of a complainant's property rights be by a co-tenant, and will enjoin the trespass if the violation be by a stranger. Whether such complainant's undivided interest be large or small, the rules of property are the same.

To permit the defendant company to proceed with its proposed development of the oil and gas underlying the land in question without the plaintiff's consent, even though the company should faithfully turn over to the plaintiff his full pro-

portionate share of such minerals, or account to him therefor, without cost of production, would be a compelling of the plaintiff to exchange his real estate for personal property. This the law will not require on a showing such as is here presented.

The action of the circuit court in perpetuating the injunction is approved, but the conditions which will relieve the restraint should be enlarged. The decree inhibits the entering upon said land and drilling and exploring for oil and gas "without the consent of the plaintiff." This should read, "without the consent of the plaintiff, or until it shall affirmatively appear that development is necessary to protect the oil and gas under such land from drainage through wells on adjoining lands."

Modified in this particular, the decree is affirmed.

*Modified and affirmed.*