TELL McDONALD *et al* v. SARAH BENNETT *et al.*

(No. 7106)

Submitted May 3, 1932. Decided May 24, 1932.

348

*J. D. Jones* and *A. G. Mathews,* for appellants.
*Lorentz C. Hamilton,* for appellees.

LITZ, JUDGE:·

This is an appeal from a decree partitioning the oil and gas of a tract of 212-¾ acres of land in Calhoun County. The case was reversed on a former appeal for lack of necessary parties. 108 W. Va. 665, 152 S. E. 533.

By deed dated December 1, 1898, W. T. Wiant and N. M. Bennett conveyed said land to C. E. Vandevender and John S. Withers. The deed contained the provision: ''But there is reserved and excepted from this conveyance ⅛ of all the oil and gas in and underlying said tract of land that may be produced therefrom, and the right of ingress and egress for the purpose of utilizing the same, and the parties of the second part (grantees) are to pay annually accuring taxes upon the said land hereby conveyed, including the reservation and rights here reserved.''

The settlement of the controversy involves the construction of this provision. The parties succeeding to the rights of the grantees contend, as the circuit court held, that the reservation is limited to ⅛ of the oil and gas in place, while those succeeding to the rights of the grantors assert that the reservation carries ⅛ of all the oil and gas ''that may be produced'' from the land. The interest retained is definitely described as ⅛ of the oil and gas that may be produced. The phrase, ''and the right of ingress and egress for the purpose of utilizing the same'', comports with the plain language describing the reserved interest as oil and gas produced from the land. The operation of an undivided interest of oil and

gas in place is neither possible nor permissible. *Law* v. *Heck Oil Co.,* 106 W. Va. 296, 145 S. E. 601. Moreover, if the incidental right had been intended for the operation of the oil and gas in place, the deed would have so provided instead of simply reserving the right of ingress and egress to utilize oil and gas produced from the land.

It is said that the provision in question ought to be limited to ⅛ of the oil and gas in place because the grantees in the deed covenanted to pay the taxes on the whole property. In view of the plain terms of the reservation, the court would not be warranted in giving it a different interpretation upon the theory that the grantees would otherwise have assumed a burdensome obligation.

We are clearly of opinion that the deed reserved to the grantors ⅛ of the oil and gas produced, as contradistinguished from ⅛ of the oil and gas in place. See Manufacturers Light & Heat Co. v. Knapp, 102 W. Va. 308, 135 S. E. 1.

The decree complained of is, therefore, reversed and the cause remanded.

*Reversed and remanded.*