A. B. COLLINS, *et al.*

*v.*

CLARA STALNAKER, *et al.*

(No. 10005)

Submitted April 13, 1948. Decided June 15, 1948.

*W. J. Brennan,* and *William Bruce Hoff,* for appellant.

*S. P. Bell,* for appellees.

RILEY, PRESIDENT:

A. B. Collins and Harlan Collins brought this suit in equity in the Circuit Court of Gilmer County against Clara Stalnaker and Hope Natural Gas Company, a corporation, for the purpose of partitioning the oil and gas within and underlying a tract of two hundred thirty-five acres of land in Gilmer County, formerly owned by Lue

V. Collins, the mother of the three individual litigants. Clara Stalnaker prosecutes this appeal from a decree of the circuit court, based upon the finding of that court that the individual parties were the owners in place of the oil and gas within and underlying said tract of land, directing the partition of the oil and gas and appointing commissioners to make such partition.

On March 11, 1941, Lue V. Collins, the owner in fee simple of the tract of two hundred thirty-five acres, the oil and gas within and underlying which is involved in this suit, executed a will which, among other things, contains the following provisions pertinent in this suit:

> "I devise to my daughter, Clara Stalnaker the gas well now drilled on my home farm of two hundred and thirty five acres. She, the said Clara Stalnaker, is to have all the proceeds from said well.
>
> "And in the event there is one or more wells drilled on said farm, then the proceeds of same shall be divided equally between my sons A. B. Collins and Harlan Collins, and my daughter Clara Stalnaker."

On the following day and under the name of L. V. Collins, she executed a deed conveying the two hundred thirty-five acres to her daughter, the defendant, Clara Stalnaker, the pertinent provisions of which read:

> "Said first party is to have all the proceeds from one Gas well now on said farm as long as she lives and at death of first party well is to go to second party. And in the event there is more than one producing well drilled on said land hereby conveyed, the proceeds of the other wells so drilled shall be equally divided between A. B. Collins, Harlen Collins and Clara Stalnaker."

At the time the will and deed were executed, the acreage was under lease for oil and gas purposes to defendant, Hope Natural Gas Company, which then had one producing well thereon. Lue V. Collins died on August 16, 1942, and her will was duly probated in Gilmer County. Thereafter the only producing well was abandoned and the

lease terminated by the gas company under the provisions thereof. On February 23, 1944, Clara Stalnaker, executed a lease, purporting to embrace the whole of the oil and gas within and underlying the two hundred thirty-five acres to the gas company, but no additional wells have been drilled under said lease.

This cause is here on the pleadings and the trial court's rulings thereon. Clara Stalnaker's demurrer to the bill of complaint was overruled, and thereupon she answered, admitting the allegations of the bill of complaint which set forth the above-recited facts, but denying that her brothers were owners in common with her of the oil and gas in question. There was a general reply to the answer. The trial court, by the decree complained of, held that A. B. Collins, Harlan Collins and Clara Stalnaker were the owners in common in fee of the oil and gas in place, each being the owner of an undivided one-third interest therein, decreed partition thereof in kind, appointed commissioners for such partition, and further decreed that the lease between Clara Stalnaker and Hope Natural Gas Company, was binding only as to said lessor's undivided one-third interest.

The deed and the will, though couched in different terms, have the same legal purport. In the deed the grantor reserved "the proceeds from one Gas well now on said farm as long as she lives and at the death of the first party well is to go to" the grantee, Clara Stalnaker. The will provided that Clara Stalnaker was to have all the proceeds from the then producing well, but as the will did not take effect until Lue V. Collins' death, the deed and will give rise to no difference in principle, for under each Clara Stalnaker's beneficial interest in the one gas well, that is the proceeds thereof, did not vest until decedent's death. The will provides that "in the event there is one or more wells drilled on said farm, then the proceeds of same shall be divided equally between my sons A. B. Collins and Harlan Collins, and my daughter Clara Stalnaker." The deed provides that "And in the event there is more than one producing well drilled on said land

hereby conveyed, the proceeds of the others wells so drilled shall be equally divided between A. B. Collins, Harlen Collins and Clara Stalnaker." Under these latter provisions of the will and deed the grantor-testator by the use in both instruments of the words "in the event", clearly meant a well or wells other than the one already drilled and later abandoned.

On this appeal A. B. Collins and Harlan Collins, hereinafter spoken of as "appellees", contend that the effect of the deed to Clara Stalnaker was to except the oil and gas within and underlying the tract of land, except the gas produced from the well then drilled on the premises, and that the oil and gas, subject to such exception, were vested in A. B. Collins, Harlan Collins and Clara Stalnaker by the will of Lue V. Collins. Pursuing this position further, it is contended that the appellees, A. B. Collins and Harlan Collins, and the appellant, Clara Stalnaker, were the owners in common of the oil and gas in place within and underlying the two hundred thirty-five-acre tract, and under Chapter 146, Acts of the Legislature, 1939, which authorizes the partition of oil and gas, are entitled to partition thereof, whether the "proceeds of" other wells in addition to the then one producing well are real or personal property. Partition may be had in a court of equity of both real and personal property. In *Warren* v. *Boggs,* 83 W. Va. 89, pt. 5 syl., 97 S. E. 589, involving a suit in equity, this Court held: "Royalty in oil brought to the surface is personal property and as such is susceptible of partition among its co-owners."

We do not agree with counsel for the appellees in the position that the deed for the two hundred and thirty-five acres of land to Clara Stalnaker excepted the oil and gas in place, except the gas produced from the then producing well on the premises, and that the same became vested in the appellees, A. B. Collins and Harlan Collins, and the appellant, Clara Stalnaker, by the will of Lue V. Collins. The deed does not contain terminology which would conventionally give rise to an exception or reservation to the grantor, Lue V. Collins, of all the oil and gas in place with

the exception of the gas from the one producing well. By the deed the grantor, Lue V. Collins, in consideration of one dollar in hand paid and the stipulations set forth therein, granted with covenants of general warranty the two hundred thirty-five acres of land described as being situated on Owens Run, Center District, Gilmer County. "The stipulations" were evidently intended by the parties to be the covenants on the part of Clara Stalnaker "to maintain, keep and support" grantor during her natural life. The deed contains all of the necessary formal parts required to convey the entire title to the land, subject to the covenant as to support and the exception to the grantor of the proceeds of the then producing gas well, and subject to whatever effect the provision as to the division of the proceeds of wells other than the then producing well.

In *Paxton* v. *Benedum-Trees Oil Co.,* 80 W. Va. 187, 94 S. E. 472; *Snodgrass* v. *Koen,* 82 W. Va. 337, 96 S. E. 606; *Manufacturers Light & Heat Co.* v. *Knapp,* 102 W. Va. 108, 135 S. E. 1, and similar cases, this Court has enunciated the principle that the beneficial use of land is equivalent to ownership in place and specifically in the case of *Paxton* v. *Benedum-Trees Oil Co., supra,* pt. 1 syl.: "A grant of the royalties, rents and income arising from the production of the oil from land is a grant of the oil in such land." In that case an owner in fee of a tract of land conveyed to the oil company "the 1/16 of all the oil and ½ of all the gas within and underlying" the land, and "including in this conveyance the ½ of all the royalties, incomes and rentals that may hereafter arise therefrom or accrue upon the real estate" by virtue of the existing oil and gas leases of the land conveyed. That case held that the grant of royalties, together with the rentals and income, which are incident to the ownership of property, is ownership of the oil and gas in place.

The instant deed does not expressly provide that the individual parties litigant shall have an undivided interest in the additional well or wells, but, on the contrary, the deed provides for a division among these parties of the "proceeds" that may be derived from such well or wells.

Not until oil or gas is brought to the surface by actual production and severance from the land so that it can be and is marketed will there be any proceeds, and though it is true that oil or gas in place owned by tenants in common, which is brought to the surface by production, is personal property, and under *Warren* v. *Boggs, supra,* may be partitioned, oil and gas severed from the surface that is produced constitutes the thing itself and not the proceeds thereof. In *McDonald* v. *Bennett,* 112 W. Va. 347, 164 S. E. 298, this Court held that a reservation contained in a deed of conveyance of a parcel of land of "⅛ of all the oil and gas in and underlying said tract of land that may be produced therefrom, and the right of ingress and egress for the purpose of utilizing the same" is not a reservation or exception of the oil and gas in place; and that the "right of ingress and egress" was incident to the grantor's right to go upon the land and capture his one-eighth interest in the oil and gas after it has been actually produced.

The companionate cases of *McIntosh* v. *Vail,* 126 W. Va. 355, 28 S. E. 2d 95, and *McIntosh* v. *Vail,* 126 W. Va. 395, 28 S. E. 2d 607, are illuminative of the principle here involved. In the first *McIntosh* case a deed for the conveyance of land contained a reservation of all the oil and gas thereunder subject to the provision "But, in event oil or gas being developed on said land, said second party or his assigns shall be entitled to one full sixteenth of all oil marketed and one half of the next proceeds from all gas sold from said land." In the second *McIntosh* case (126 W. Va. 395), the deed under appraisement in that case contained a reservation in the grantor of the oil and gas in and under the land, together with the exclusive right of operating therefor, with the provision "But if oil or gas is found in paying quantities on said lands, first party and her assigns shall yield and pay to parties of the second party or their assigns, one full sixteenth (1/16) of the oil and gas produced and marketed from said lands." In the first case this Court held that the deed did not effectively reserve the "one full sixteenth of all oil marketed and one half of the next proceeds from all gas sold from said land"

and that it should be construed a conveyance "to the grantee of all right and interest in these minerals not effectively reserved." Pt. 2 syl. In the second *McIntosh* case, the holding of the Court was to the effect that the provisions to "yield and pay" to the grantees or their assigns the one full one-sixteenth of the oil and gas produced and marketed from the land was a personal covenant which did not run with the land, that is, the one-sixteenth of the oil and gas produced and marketed from the lands was effectively reserved to the grantor in the deed and did not pass to the grantees under the granting clause thereof.

Unlike the instant suit, which as heretofore indicated, is a suit for partition of the oil and gas within and underlying the tract of land, each of the *McIntosh* suits involved a bill in the nature of an interpleader. Though the first *McIntosh* case (126 W. Va. 355) involved a deed of conveyance of land, which contained a reservation to the grantor of the oil and gas, it also contained the provision that the "second party or his assigns shall be entitled to one full sixteenth of all oil marketed and *one half of the next proceeds from all gas sold from said land.*" (Italics supplied), that case is not controlling of the case now under consideration, for, in that case, this Court simply held that the deed did not serve to effectively reserve to the grantor the one-sixteenth of the oil marketed and one-half of the net proceeds of all gas sold from the land. As we view Judge Rose's opinion in that case, the case did not involve the question whether the minerals in controversy were oil and gas in place, but whether they were embraced in the reservation contained in the deed.

It is to be further noted that the provision as to the one-sixteenth of the oil marketed and one-half of the net proceeds of the gas sold, under consideration in the first *McIntosh* case, stipulates that the grantee or his assigns "shall be entitled to" an interest in the minerals in controversy, and the Court held that the grantee by virtue of the language quoted had at least a clear equitable interest in the minerals enforceable in a court of equity. But, in the instant case, the deed contains no such words.

It simply provides that "in the event there is more than one producing well drilled on the said land hereby conveyed, the proceeds of the other wells so drilled shall be equally divided" among the grantee, Clara Stalnaker, and the appellees. The right to an interest in oil and gas, whether in place or after severance from the realty, is not the same as the right to an equal division of the proceeds thereof. In our opinion, the words "the proceeds of" the same "shall be divided equally", purport a division among the three individual parties after exploitation, production and sale of the oil and gas and not before. The division of the proceeds of the oil and gas is not automatic. It is an affirmative act, which must be performed by someone. Who, it may be asked, has the right under the provisions of this deed to exploit or lease the oil and gas and then divide the proceeds? No one, in our opinion, other than the owner thereof, Clara Stalnaker.

We think that the provision in the deed that "in the event there is more than one producing well drilled on said land hereby conveyed, the proceeds of the other wells so drilled shall be equally divided" among the grantee in the deed and her two brothers, A. B. Collins and Harlan Collins, means the proceeds derived from the sale of oil or gas which may be produced from any additional producing well or wells drilled on the land as distinguished from the oil and gas in place after severance from the land.

But it is contended by the appellees that the pertinent provision of the deed as to the alleged tenancy in common of the grantee, Clara Stalnaker, and the appellees, A. B. Collins and Harlan Collins, should be construed as a reservation of the oil and gas, subject to the exception as to the one producing well in favor of the grantor in the deed, Lue V. Collins, the subject matter of which, upon the death of Lue V. Collins passed to Clara Stalnaker and the appellees under the will of Lue V. Collins, in which case it would matter not whether the "proceeds" of the wells in addition to the one producing well are oil and gas in place. The Collinses not being parties to the deed, are strangers thereto and cannot take title on the theory that the provision in question is a reservation or exception in

their favor in common with Clara Stalnaker. *Beckley National Exchange Bank* v. *Lilly*, 116 W. Va. 608, 609, pt. 3 syl., 182 S. E. 767. Therefore, if they are to prevail at all they must do so either on the theory (1) that the deed contains a direct conveyance to them by tenancy in common with Clara Stalnaker of the oil and gas, or (2) that the grantor by the instant provision in the deed reserved to herself the oil and gas, subject to the exception of the one producing well, and that such reserved interest passed under the provisions of her will to the appellees and Clara Stalnaker as tenants in common.

But as heretofore suggested the deed contains no wording which would evidence a direct conveyance of any interest in the oil and gas to the individual parties litigant as was had in the deed appraised by this Court in the first *McIntosh* case. So if the appellees are to prevail at all, the provision in question must be construed as a reservation in favor of the grantor, Lue V. Collins, of the oil and gas in place. With this position in mind, let us construe the deed looking in the first instance to the intention of the parties thereto, namely Lue V. Collins and Clara Stalnaker. But because a reservation or exception is necessarily for the benefit of the grantor, the deed must be construed most strongly in favor of the only grantee named therein, Clara Stalnaker. *Realty Securities & Discount Co.* v. *National Rubber & Leather Co.*, 122 W. Va. 21, 26, 7 S. E. 2d 49; *Swope* v. *Pageton Pocahontas Coal Co.*, 129 W. Va. 813, 41 S. E. 2d 691. Another rule of construction applicable in the instant case is that when it appears from the express language of a deed that there is doubt whether the grantor intended to except or reserve to himself an interest in the land conveyed, the question of interpretation will be solved in favor of the grantee. 16 Am. Jur., Deeds, Section 303; *Miller* v. *Nixon*, 90 W. Va. 115, pt. 1 syl., 110 S. E. 541.

The grant in the instant deed of the fee to Clara Stalnaker is clear, direct and in conventional form. It therefore cannot be cut down unless the express language of the instrument evidences the grantor's intention to do so.

To effect such result, the language relied upon to create an exception and reservation, must be as certain and definite as the granting clause. *Miller* v. *Nixon, supra;* 16 Am. Jur., Deeds, Sections 307 and 309. However, if by the provision of the deed that "in the event there is more than one producing well drilled on said land hereby conveyed, the proceeds of the other wells so drilled shall be equally divided" among the appellees and the grantee, Clara Stalnaker, the grantor intended to create an exception or reservation in her favor of the proceeds of the additional well or wells, the scrivener certainly did not use apt language. As the deed contains no language clearly expressing an intent on grantor's part to cut down or .limit the grant to Clara Stalnaker, we cannot, in the face of the explicit language of the grantor, hold that the deed contains a reservation in favor of the grantor, except as to the then producing well, unless such reservation or exception may be implied. The rule, however, as to an implication of reservations or exceptions in the face of a direct grant is applicable in only limited instances, as where the subject·matter of the alleged exception or reservation is essential to the enjoyment of the land not conveyed by the deed containing the alleged reservation or exception, which remains in the grantor. In this jurisdiction it has been held that a right may be deemed to have been impliedly reserved in a case of strict necessity. In *Bennett* v. *Booth,* 70 W. Va. 264, 73 S. E. 909, the owner of a mill and mill dam conveyed a portion of the land, including a part of the mill pond, and this Court held there was an implied reservation of an easement on the land as appurtenant to the grist mill. Likewise in *Miller* v. *Skaggs,* 79 W. Va. 645, 91 S. E. 536, this Court sustained the verdict of a jury based on damages for the construction of a sewer on defendant's property, which served plaintiff's property, upon instructions which the Court said properly submitted to the jury the question whether it was reasonably possible for plaintiff by changing the course of the sewer so as to make it run through her own property or in some other way to get an outlet to the public sewer upon which her lot fronted, and whether the sewer through defendant's

lot was so apparent as to charge defendant with notice thereof. But in this latter case the Court held, pt. 4 syl., that: "The rule of strict necessity applicable to an implied reservation or grant of an easement is not limited to one of absolute necessity, but to reasonable necessity, as distinguished from mere convenience." The rule as to an implied reservation involves the right of lateral support where the owner of property conveys a part of it and his remaining part has a building erected thereon. 1 Am. Jur., Adjoining Owners, Section 24. There is, however, in the instant case no element of necessity or right necessary to the enjoyment of the use of any land owned by the grantor. By the deed in question grantor once and for all, except as to the exception of the proceeds of the one producing well, relinquished all interest which she had in the land conveyed, and therefore destroyed any basis for the implication of a reservation or grant in her favor. There being no express reservation or exception in the deed in grantor's favor, except as to the one producing well, and no basis for an implied reservation or exception of the oil and gas or any interest therein, we hold that the deed in question served to convey to the grantee, Clara Stalnaker, the fee simple title to the property, subject to the provision as to grantor's maintenance and support and the then one producing well.

Therefore, Clara Stalnaker had the right to, as she did, enter into the lease with Hope Natural Gas Company without the appellees, A. B. Collins and Harlan Collins, joining therein, she being under the obligation in the event oil or gas are produced and marketed under the lease to account to appellees for two-thirds of the proceeds derived therefrom.

Being of the opinion that appellees held no tenancy in common with the appellant, Clara Stalnaker, they are not entitled to partition or any other relief in this suit. Consequently, the decree of the Circuit Court of Gilmer County is reversed and this cause remanded to that court with directions to dismiss appellees' bill of complaint.

*Reversed and remanded*
*with directions.*