# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Dennis Kidder, Sandra Charlene Kidder Lutz,
Marcia Lynn Mitchell, Nelson Kidder, Louise
Craft, Elaine Kidder, Linda Carpenter, Lois
Jane Ristau, Larry W. Kidder, Jeannette M.
Kidder, and Robert E. Kidder,
**Defendants and Third-Party Plaintiffs Below, Petitioners**

**FILED**

**November 17, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs)  No. 16-1109 (Tyler County 14-C-4H)

Montani Energy, LLC; Whittle Corporation; Statoil USA
Onshore Properties; Inc., Ralph Koontz, Mary Jo Koontz,
Barbara K. Baker, Linda P. Sherwood, David Allen Sherwood,
Phillip K. Sherwood, Lynn E. McCann, Ray McCann, Stephen
Schubach, Danny Ray Booher, Christina Faye Booher, William
D. Hope, Lois Marlene Fletcher Stern, Velma Well, James L.
Kleeh, and Marilyn Kleeh,
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners Dennis Kidder, Sandra Charlene Kidder Lutz, Marcia Lynn Mitchell, Nelson Kidder, Louise Craft, Elaine Kidder, Linda Carpenter, Lois Jane Ristau, Larry W. Kidder, Jeannette M. Kidder, and Robert E. Kidder (collectively, "the Kidder heirs"), by counsel Gerasimos Sklavounakis, appeal the order of the Circuit Court of Tyler County, entered on October 26, 2016, that granted the motion for summary judgment of Respondent Statoil USA Onshore Properties, Inc. ("Statoil").[1] Respondent Statoil appears by counsel Denise D. Pentino, Jacob A. Manning, Christopher J. Prezioso, and Stuart C. Hollimon. Respondents Ralph Koontz, Mary Jo Koontz, Barbara K. Baker, Linda P. Sherwood, David Allen Sherwood, Phillip K. Sherwood, Lynn E. McCann, Ray McCann, Stephen Schubach, Danny Ray Booher, Christina Faye Booher, William D. Hope, Lois Marlene Fletcher Stern, Velma Well, James L. Kleeh, and Marilyn Kleeh (collectively, "the Andrew and Okey Rice heirs"); Montani Energy, LLC ("Montani Energy"); and Whittle Corporation appear by counsel Debra L. Steed.

---

[1]The same circuit court order granted default judgment against parties who failed to plead. The entry of default judgment is not an issue in this appeal. Numerous parties, including petitioners, filed motions for summary judgment; however, the order appealed by petitioners specifies that it addresses the motion for summary judgment and motion for default judgment of Statoil.

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

This matter concerns the mineral rights beneath approximately 540 acres of land situate in Tyler and Wetzel Counties. Four separate parcels of the subject acreage were conveyed in 1910, by A.J. and Letha Rice, through four separate deeds ("the 1910 deeds"), to four of the Rices' six children: Finley Rice, Andrew Rice, Okey Rice, and Mary Kidder. Each deed provided, in part:

> The parties of the first part reserve and except from the operation of this deed and do not convey the usual royalty of one eighth of all the oil produced and saved from said land and also the consideration for gas for each gas well drilled on said land and producing gas and used and marketed off premises for the use and benefit of all the grantors' children, to wit: Finley Rice, Andrew Rice, Okey L. Rice, Mrs. Linda Rabel, Mrs. Belle Stamm, and Mrs. Mary F. Kidder, equally, to share and share alike each with the other therein.

The elder Rices died intestate and, around 1916, the reserved interest passed in equal shares to the six children. Later, in 1919, Mary Kidder and her husband conveyed approximately 112 acres of their 116-acre tract to Andrew Rice, "subject to the same reservations as to oil and gas, contained in [the 1910 deeds]. . . ."[2] Petitioners are the heirs of the interest of Mary Kidder.

Between 2010 and 2014, Respondent Statoil acquired oil and gas leases on portions of the subject property through various transactions.[3] Statoil designated certain of those tracts Nos. 120, 121, 123, and 124.

Prior to Statoil's acquisitions, in 2001, Nancy Fout purchased a tax sale deed to what she asserted were the oil and gas rights of the Andrew Rice interest.[4] Nancy Fout and her husband John Fout filed their "Complaint to Determine Title" in the Circuit Court of Tyler County in

---

[2] Pending is the motion of respondents Montani Energy, Whittle Corporation, and the Andrew and Okey Rice heirs to supplement the appendix record on appeal with the 1919 deed evidencing the transaction between Mary Kidder and Andrew Rice. Inasmuch as the establishment of the chain of title is unnecessary to our determination of the issues on appeal, respondents' motion is denied.

[3] Since, Statoil has conveyed its leases to a third party.

[4] We note that the deed description indicated that Ms. Fout purchased "1/5 Roy 489.45A Elk Fork."

early 2014, claiming a 1/5 interest in the oil and gas underlying the subject property.[5] They named sixty-nine defendants, known and unknown. Whittle Corporation, per the Fouts' complaint, had drilled the subject property "without clear title and in conflict with the alleged owners of the oil and gas," filed an answer together with Montani Energy, to which Whittle Corporation had transferred some or all of its lease interest. The Kidder heirs filed an answer to the complaint, together with a counterclaim, cross-claim, and third-party complaint seeking to quiet title.[6] Respondent Statoil answered the complaint, answered the Kidder heirs' counterclaim, cross-claim, and third-party claim, and also filed a counterclaim, cross-claim, and complaint for declaratory judgment and to quiet title.

Upon the filing of Respondent Statoil's motion for summary judgment in late 2014, the circuit court found that the 1910 deeds reserved a royalty interest only, and the oil and gas ownership rights thus passed with the land conveyance. The circuit court ruled in favor of respondent, finding that respondent has a leasehold title to Tract Nos. 120, 121, and 124 of the subject acreage, and granted respondent's motion for summary judgment. The Kidder heirs appealed; the Fouts did not. On appeal, petitioners assert two assignments of error. They argue, first, that the circuit court erred in finding that A.J. and Letha Rice reserved only a royalty interest in the 1910 conveyances rather than finding that A.J. and Letha Rice reserved the oil and gas in place. They argue, second, that the circuit court failed to address the ownership of all of the oil and gas that was conveyed in the 1910 deeds. The circuit court's ruling on the Statoil summary judgment motion is before us. Accordingly, we apply a de novo standard of review. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 190, 451 S.E.2d 755, 756 (1994).

We begin with petitioners' first assignment of error, in which they argue that the 1910 deed reserved the oil and gas in place. We clarified in 1963:

> Where deeds are made by which several undivided interests in a tract of land are conveyed, with the right in the several grantees, their heirs and assigns, to lease the land for oil and gas purposes and to receive the carrying rental, or the bonuses and carrying rentals, but subject to reservations in favor of the several grantors of the oil and gas royalty, when produced, such reservations do not constitute a reservation of the oil and gas in place; but, on the contrary, such deeds constitute a conveyance of the entire tract of land, including the oil and gas in place, but subject to mere royalty interests in the oil and gas when such oil or gas, or both, are produced.

Syl., *Davis v. Hardman*, 148 W. Va. 82, 82-83, 133 S.E.2d 77, 77 (1963). Petitioners argue that, prior to this clarification, and when the 1910 deeds were executed, "a reservation of the 'usual royalty' was actually a reservation of the oil and gas in place." Relying on *Toothman v. Courtney*, 62 W.Va. 167, 58 S.E. 915 (1907) and *Paxton v. Benedum-Trees Oil Co.*, 80 W.Va.

---

[5] According to the Fouts' complaint, A.J. and Letha Rice's daughter Linda Rabel died intestate and childless in 1926, and her interest thus passed to her siblings in equal share.

[6] It does not appear that Petitioner Robert E. Kidder was named in the Fouts' complaint. However, the Fouts named "any other person . . . claiming any interest in the oil and gas. . . ."

187, 94 S.E. 472 (1917)("A grant of the royalties, rents, and income arising from the production of the oil from land is a grant of the oil in such land")[7], petitioners urge us to determine that A.J. and Letha Rice reserved the oil and gas in place when conveying the surface acreage to four of their six children in 1910.

But the holding of *Paxton* is not absolute in terms of the effect of a reservation of royalties. As we explained in *Davis*:

> The rule enunciated in *Paxton* . . . is but a rule of construction and the function of the Court in any situation such as that presented by the present case is to ascertain the true intent of the parties as expressed by them in the deed, lease or other written instrument under consideration. 'A valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation but will be applied and enforced according to such intent.' *Cotiga Development Co. v. United Fuel Gas Co.*, W.Va., pt. 1 syl., 128 S.E.2d 626. In the construction of a deed or other legal instrument, the function of a court is to ascertain the intent of the parties as expressed in the language used by them. [(Citations omitted.)] All rules of construction must yield to the expressed intention of the parties if that can be ascertained. *Realty Securitites & Discount Co. v. National Rubber & Leather Co.*, 122 W.Va. 21, 7 S.E.2d 49; 5 M.J., Deeds, Section 57, page 729. In the present case, therefore, there is no place for application of the rule enunciated in *Paxton v. Benedum-Trees Oil Co.*, supra, if it appears that the intention of the parties is clearly expressed in the language which created the oil and gas reservations now under consideration.

*Davis*, 148 W. Va. at 88-89, 133 S.E.2d at 81.

Here, the 1910 deeds expressed that A.J. and Letha Rice reserved "the usual royalty of one eighth of all the oil produced and saved from said land" as well as "the consideration for gas for each gas well drilled on said land and producing gas and used and marketed off premises. . . ." The *Davis* Court addressed similar language emanating from a deed executed at the end of the nineteenth century, and thus prior to the 1910 deeds now before us:

> We observe also that the several reservations are of fractional portions of the oil and gas royalty 'when produced.' In *McDonald v. Bennett*, 112 W.Va. 347, 164 S.E. 298, a case involving a question similar to that involved in the instant case, the Court emphasized the significance of the words, 'that may be produced.' *See also Harris v. Cobb*, 49 W.Va. 350, 355, 38 S.E. 559, 561. It is apparent from the words 'when produced' that the parties were not speaking in terms of an interest in the oil and gas then in place, but rather of the royalty interest which would follow production of oil or gas, or both. If the language of the several deeds were treated as constituting a reservation of the oil and gas in place, the words 'when

---

[7] The *Paxton* Court was tasked with interpreting inconsistent deed terms.

4

produced' would have to be regarded as meaningless surplusage. Such a construction also would be wholly out of harmony with a grant to the several grantees, their heirs and assigns of the right to lease the land for oil and gas purposes and to receive the bonuses and carrying rentals. On the other hand, a construction which places in the grantees the ownership of the oil and gas in place, subject to mere royalty rights, renders all of the language of the reservations meaningful and purposeful.

*Davis*, 148 W. Va. at 91, 133 S.E.2d at 82. As with the *McDonald* reservation, the deed before us speaks of royalties realized once the land is "drilled" or the minerals are "produced" or "marketed." The reservation vested in A.J. and Letha Rice (and their successors) no control over the drilling or production or marketing. It is apparent that A.J. and Letha Rice wished to retain the royalty interest for any oil that the landowners allowed to be produced, as well as for any gas that the landowners allowed to be marketed for use other than their own on-premises use. The language of the 1910 deeds, on its face, is clearly intended to reserve the royalty interest only. Accordingly, there is no error in the circuit court's grant of summary judgment.

We turn to the second assignment of error, in which petitioners assert that the circuit court "fail[ed] to address the ownership status of all the oil and gas in place that was subject of the 1910 [d]eeds. . . ." Specifically, petitioners argue, the circuit court failed to settle the matter of the ownership of Tract No. 123. In its memorandum in support of summary judgment filed in circuit court, Statoil requested specific relief, including a declaration "that [it] has valid and subsisting oil, gas and mineral leases covering all or a portion of the mineral in, on and under the lands referred to herein as [Tract Nos.] 120, 121, and 124. . . ." The motion before the circuit court sought no relief with respect to Tract No. 123, and the circuit court was not obligated to grant unrequested relief. We have long held that this Court will not review nonjurisdictional questions that were not decided by the lower court. Syl. Pt. 2, *Duquesne Light Co. v. State Tax Dep't*, 174 W.Va. 506, 327 S.E.2d 683 (1984). Thus, as this issue is not properly before this Court, we find no merit is petitioners' second assignment of error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 17, 2017

**CONCURRED IN BY:**

Chief Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker