## Jack's Executors *versus* Arnold.

1. A devise of personal estate to three brothers, by name, " as joint tenahts, and to the survivors and survivor of them, and the heirs of the said survivor; to be assignable by my said brothers or their survivors, at any time, or in any manner they think proper ; provided, the said brothers, or their survivors, shall all, or both, if one be dead, assent to such assignment ; but the survivor of them may assign and convey, or devise, at his pleasure," conveys an estate in the personal property, to be held and enjoyed by all of the three during the lives of all— by two after the death of one—and to vest absolutely in the survivor, subject to be disposed of at any time, with the consent of all the parties interested.

ERROR to the Court of Common Pleas of *Westmoreland county.*

This was an action to determine the ownership of the personal estate of Henry Jack, deceased. Henry Jack, by will, dated May 7, 1829, devised all his property, or estate, whether real, personal, or mixed, to his brothers, " Matthew, William and Wilson Jack, as joint tenants, and to the survivors and survivor of them and the heirs of the said survivor; to be assignable by my said brothers, or their survivors, at any time, or in any manner, they think proper ; provided the said brothers, or their survivors, shall all, or both, if one be dead, assent to such assignment ; but the survivor of them may assign and convey, or devise, at his pleasure," with some restrictions as to certain persons.

The opinion of the court was delivered May 5, 1856, by
KNOX, J.—In an action between these parties, this court de-

cided, at the Pittsburgh Term for 1854, (12 Harris, 57,) that, by the will of Henry Jack, the survivor of the three brothers, Matthew, William, and Wilson Jack, was entitled in fee to the entire estate devised to the three as joint tenants. The matter in controversy in the former suit was real estate. Here it is personal property; but we are unable to discover any difference between the two cases. The estate, real and personal, was given in the same clause and by the same words, and there is no room for conjecture as to the testator's intention. It is clear that Henry Jack intended his estate, real and personal, should ultimately go to the survivor of his three brothers, unless they chose to give it a contrary direction, under the power of assignment given in the will.

The perishable character of a portion of the estate devised would tend to a different construction if the language was ambiguous; but it cannot create an ambiguity where there is none in the words used by the testators.

Judgment affirmed.