## Kerr *et al. versus* Verner.

1. A devise was "to my daughters Christiana and Phœbe, the house I now live in * * * and 20 acres of land. * * * The 20 acres that I have willed to my daughters, to have during their lifetime, at their death to have the privilege to will to my daughter Sarah Kerr's children, or my son Thomas Verner's children, just as they see proper." The daughters took an estate for their joint lives, in such wise that the share of the one first deceased should enure on her death for the benefit of the survivor.

2. Christiana died intestate, Phœbe devised the 20 acres to a son of Thomas. *Held*, that the power was well executed.

October 31st 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county:* No. 15, to October and November Term 1868.

This was an action of ejectment, brought October 26th 1867, by James Kerr and seven others against Melchor Verner, for eight-ninths of a tract of land.

The tract in question belonged to John Verner, who by his will, proved July 6th 1837, devised as follows :—

"I will to my daughters Christiana and Phœbe the house I now live in, together with all my household furniture, and 20 acres of land, with the privilege of half the orchard—the orchard to be divided in quantity and quality; I will to my daughters Christiana and Phœbe all my cattle, hogs, sheep and fowls, and half of the Het mare, and likewise half the clock, half of all the grain in the ground, and half of all the grain in the barn.

[Kerr *v.* Verner.]

The remainder of my estate, real and personal, I will and bequeath to my son Thomas Verner, in addition to what I have already given him. * * * I will to my daughters Christiana and Phœbe, to have privilege of what coal they may want. The 20 acres of land that I have willed to my daughters Christiana and Phœbe, to have during their lifetime—at their death to have the privilege to will to my daughter Sarah Kerr's children, or my son Thomas Verner's children, just as they see proper."

Christiana died in 1850 intestate, unmarried and without issue. Phœbe died in 1863, having made her will, which contains this clause :—

" I will the 20 acres of land bequeathed to me and my sister Christiana, by our father, unto my nephew Melchor Verner, son of my brother Thomas Verner, his heirs and assigns, for ever, as a compensation for his services while he resided with my sister Christiana and myself."

The plaintiffs are the children of Sarah Kerr, the defendant is the devisee under Phœbe's will.

The plaintiffs contended that the power, under the will of John Verner, could not be executed by Phœbe alone, and therefore the land passed to them and the defendant in equal shares.

The court directed the jury to find a verdict for the plaintiffs for eight-ninths of the land, reserving the question whether, under all the evidence, the plaintiffs were entitled to recover. The jury found in accordance with the instruction of the court. Afterwards, August 1st 1868, the court in banc (Hampton, P. J.) directed judgment for the defendant on the reserved point, *non obstante veredicto.*

This was assigned for error by the plaintiffs on the removal of the case to the Supreme Court.

*T. C. Lazear* (with whom was *J. Hopkins*), for plaintiffs in error, cited : 6 Cruise 256, " Devise," ch. 13, pl. 5 ; Jackson *v.* Robins, 16 Johns. R. 537. A power by will to two or more by name, not executors, will not survive : Sugden on Powers, ch. 3, § 2, art. 1, pp. 165, 166 ; 2 Story's Eq. § 1062 ; Hill on Trustees 472 ; Zebach *v.* Smith, 3 Binn. 99. The power here is a trust and the devise will pass to all the children as a class : 2 Story's Eq. § 1061 ; Brown *v.* Higgs, 4 Vesey 719 and note ; Longmoor *v.* Broom, 7 Id. 129 ; Burrough *v.* Philcox, 3 Milne & Craig 73.

*J. H. Miller* and *M. W. Acheson* (with whom were *Collier & McBride*), for defendant in error.—Christiana and Phœbe took a joint estate for life and the power survived : Phila. & Reading Railroad *v.* Lehigh Nav. Co., 12 Casey 204 ; Act of May 3d 1855, § 2, Pamph. L. 415, Purd. 976, pl. 66 ; Wilson *v.* Stuart, 3 Phila.

[Kerr *v.* Verner.]

Rep. 51; Lentz *v.* Lentz, 2 Id. 117; 1 Sugden on Powers 144, 146; 2 Story's Eq. Jur. § 1062.

The opinion of the court was delivered, January 3d 1871, by

READ, J.—John Verner, by his last will dated 14th June 1837 and proved July 6th 1837, devised and bequeathed as follows:—
"First, I will and bequeath to my daughters Christiana and Phœbe the house I now live in, together with all my household furniture, and 20 acres of land with the privilege of half the orchard—the orchard to be divided in quantity and quality; I will to my daughters Christiana and Phœbe all my cattle, hogs, sheep and fowls, and half of the Het mare, and likewise half the clock, half of all the grain in the ground, and half of all the grain in the barn. The remainder of my estate, real and personal, I will and bequeath to my son Thomas Verner, in addition to what I have already given him, with the privilege of the barn (until he can get one built with the exception of one of the stables). I will to my son Thomas Verner all my farming utensils, wagon, windmill, &c. The large copper kettle to belong to my daughters Christiana and Phœbe, and my son Thomas Verner." "I will to my daughters Christiana and Phœbe, to have privilege of what coal they may want. The 20 acres of land I have willed to my daughters Christiana and. Phœbe, to have during their lifetime; at their death, to have the privilege to will to my daughter Sarah Kerr's children or my son Thomas Verner's children, just .as they see proper."

Christiana died in 1850 intestate, and without issue. Phœbe Verner died in 1863 without issue, having made her last will and testament dated March 18th 1859, which was duly proved.

By this will she bequeathed as follows:—" I will to my nephew Melchor Verner one feather bed and the necessary bedding. The bed willed to Melchor to be the bed usually known as 'Melchor's bed.' "

"I will the 20 acres of land, bequeathed to me and my sister Christiana by our father, to my nephew Melchor Verner, son of my brother Thomas Verner, his heirs and assigns for ever, as a compensation for his services while he resided with my sister Christiana and myself."

"I will all my personal property not mentioned above to be equally divided between my brother Thomas Verner and my nephew Melchor Verner."

She appointed Melchor Verner her executor. The plaintiffs are the children of Sarah Kerr, deceased, and the defendant who is in possession is the only child of Thomas Verner.

The whole tenor and scope of this will shows in the clearest manner it was the express intent of the testator to confer an estate upon Christiana and Phœbe for their joint lives in such wise, that

[Kerr *v.* Verner.]

the share of the one first deceased should enure on her death for the benefit of the survivor. I have quoted nearly the whole will, as this construction necessarily results from an implication pervading the whole will and clearly deducible from the spirit of its provisions : Arnold *v.* Jack's Executors, 12 Harris 57 ; Jack's Executors *v.* Arnold, 1 Grant 405 ; Lentz *v.* Lentz, 2 Philad. R. 117.

This being the nature of the estate, it follows logically that the privilege or power was legally executed by the will of the survivor, Phœbe, and that the court below were right.

The court below would be right, even if the power did not survive ; for in that event the estate would be vested in Thomas Verner.

Judgment affirmed.