## Haupt *et al. versus* Davis.

1. The terms of court in Allegheny commence on the first Mondays of December, March, &c.; the first Monday in each month is also a return-day. A sci. fa. sur mortgage was issued December 3d, returnable to first Monday (7th) of same month.   The return was "Nihil."   An alias was issued January 27th, returnable the 1st Monday (1st) of February.   The return was "Nihil."   Judgment was taken March 2d (Tuesday).   *Held* to be regular.

2. The monthly return-days apply to all civil process for commencement of actions, including a sci. fa. sur mortgage, which may be returnable on any legal return-day, whether intermediate or not.

3. An alias sci. fa. sur mortgage may be returnable to an *intermediate* return-day, and judgment taken by default, as in case of summons, unless specially otherwise provided.

4. Acts of 1705 and June 16th 1836, sect. 39 (sci. fa. sur mortgage), compared and construed.

5. Magaw *v.* Stevenson, 1 Grant 405 ; Stevens *v.* N. Penna. Coal Co., 11 Casey 365, followed.

October 6th 1875.   Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON, and WOODWARD, JJ.

[Cote's Appeal.]

Error to the Court of Common Pleas, No. 1, of *Allegheny county :* Of October and November Term 1875, No. 94.

This was a scire facias sur mortgage by R. H. Davis to the use, &c., against H. Haupt, with notice to Edwin G. Booth, Welcome White and B. S. Heath, terre-tenants. The writ was issued December 3d 1874, returnable on the 1st Monday (7th) of same December. To this writ the sheriff returned "Nihil." On the 27th of January 1875 an alias scire facias was issued returnable to the 1st Monday of February next. To this writ the sheriff returned "Nihil," and on the 2d of March 1875, the plaintiff took judgment against the defendants "in default of appearance sec. reg.," for $5372. March in 1875 commenced on Monday.

By the Act of June 13th 1836, sect. 32, Pamph. L. 578, 1 Br. Purd. 44, pl. 14, in the courts of Philadelphia and Allegheny all writs used for the commencement of actions may be made returnable on the first day of the next term or on the 1st Monday of any intermediate month at the election of the party suing out the writ."

The Act of March 22d 1866, Pamph. L. 297, enacts : " That the Court of Common Pleas, Oyer and Terminer and General Jail Delivery, Quarter Sessions of the Peace and Orphans' Court, in the county of Allegheny, shall be held on the 1st Mondays of March, June, September and December of each and every year, and continue from term to term as the business of said courts may require." This enactment is substantially the same as the provision of the 29th sect. of Act of April 13th 1834, Pamph. L. 345, 1 Br. Purd. 224, pl. 44.

The defendants took a writ of error and assigned for error :—

1. The judgment is erroneous because entered on two returns of *nihil* to writs issued and made returnable to the same term.

2. The judment is erroneous because the second writ was not made returnable to the term return-day.

*L. B. Duff* (with whom was *J. M. Arundel*), for plaintiffs in error.—An original and alias writ must be to different terms: Magaw *v.* Stevenson, 1 Grant 402 ; Stevens *v.* N. Penna. Coal Co., 11 Casey 265.

*J. H. Baldwin,* for defendant in error.

Judgment was entered in the Supreme Court, October 11th 1875,

Per Curiam.—Monthly return days for Allegheny county are established for all civil process issued for the commencement of actions. A scire facias sur mortgage is no exception to this rule. The Act of 1705, giving the remedy by scire facias upon a mortgage, prescribes no return-day for the writ, and makes no provision inconsistent with the monthly return-days prescribed in the 32d sect. of the Act of 1836, for the commencement in actions of Phila-

delphia and Allegheny counties. The first scire facias can, there-
fore, be made returnable on any legal return-day, whether an
intermediate monthly return-day or not. There is no reason,
therefore, why the second writ after a return of nihil to the first,
should not be governed by the same rule. Then the 36th sect.
of the Act of June 1836, provides that writs of scire facias may
be served and returned in the same manner provided for a sum-
mons in a personal action, and judgment by default taken at the
same time and in the same manner as in a case of a summons
unless it is otherwise specially provided. The Act of 1705
makes no other special provision. Hence there can be no reasona-
ble objection to the return of writs of scire facias sur mortgage on
the legal return-days of other civil process. Here the writs were
issued to two regular return-days under the Act of 1836, and to
different terms, the interval was reasonable, and judgment was not
taken until a month after the second return-day. In principle,
the case is governed by Magaw *v.* Stevenson, 1 Grant 405; Stevens
*v.* North Penna. Coal Co., 11 Casey 265.

Judgment affirmed.