# Yard's Appeal.

1. A. bequeathed a certain sum to B. and C., in consideration of their long and faithful services as her agents and friends and for the care and attention bestowed on her estate. B. died before the testatrix. *Held,* that by virtue of the Act of 31st of March 1812, abolishing the right of survivorship as an effect of joint tenancy, this bequest was a legacy to B. and C. as tenants in common, and that the moiety of B. did not survive to C., but lapsed.

2. The Act of 1812 applies to legacies as well as devises.

3. Kennedy's Appeal, 10 P. F. Smith 511, followed.

January 21st 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Appeal from the decree of the Orphans' Court of *Philadelphia county:* Of January Term 1877, No. 76.

Appeal of Charles Yard from the decree of the court confirming the report of the auditor in the estate of Mary P. Loxley, deceased.

The controversy arose over the construction to be given to the following codicil of decedent's will:—

"And whereas, I have given unto my friends, John Yard, Jr., and Charles Yard, certain bequests : Now, in addition to the same and in consideration of the long and faithful services by them, both as agents and friends, and from the care and attention bestowed on my estate, increasing the same, and their attention to my bodily comfort, I desire to give them a more substantial compensation and evidence of my regard for them and their services. I do therefore give, devise and bequeath unto said John Yard, Jr., and Charles Yard, all the City of Philadelphia loans of every

description now standing in my name, amounting in all to the sum of $116,300, or the equivalent of the same in money, should I dispose of the same, or any part thereof, during my lifetime, this bequest to be free and clear of collateral inheritance tax, and in addition to what I have in my said will devised to them and to be received by them, in addition to their usual compensation or commissions as executors for settling my estate."

John Yard, Jr., and Charles Yard were partners in the real estate business, and as such had charge of the entire property of Miss Loxley for a number of years prior to her decease. John Yard, Jr., died after the date of the above codicil and before the testatrix. His co-legatee, the appellant, claimed the whole bequest of city loan, as accruing to him by right of survivorship. The residuary legatees claimed that one-half thereof, bequeathed to John Yard, Jr., had lapsed, by his death, into the residuary estate.

The auditor reported that under the Act of March 31st 1812, Purd. Dig. 815, as interpreted in Kennedy's Appeal, 10 P. F. Smith 511, the legatees were tenants in common, and not joint tenants, and accordingly awarded a moiety of the city loan to the residuary legatees.

The court dismissed the exceptions filed to this report, and confirmed the same, which was the error assigned by Charles Yard, who took this appeal.

*J. Cooke Longstreth* and *Henry S. Hagert*, for appellant.— The vice of the auditor's argument consists in applying to a question of testamentary intention a 'rule applicable to vested interests in property. The legacy in this case is clearly a specific legacy : Barton *v.* Cooke, 5 Vesey 461 ; Blackstone *v.* Blackstone, 3 Watts 335 ; Ludlam's Estate, 1 Harris 188.

The reason why this legacy should take effect as a gift of the whole thing specifically described and designated, does not depend upon the result of a discussion as to whether the persons named as legatees would, in the event of their both having survived her, have taken as tenants in common or as joint tenants. Annexed to the bequest of the entire chattel are no words of severance or distribution, and there can be no doubt that the testatrix intended that the whole should pass, and that that was the primary intent, without regard to what disposition her beneficiaries might make of it after they got it. And so the civil law, making a distinction between a conjoint legacy and a legacy of separate and distinct shares, provides in terms that a conjoint legacy shall go to the survivors of the class. And in Mackie *v.* Story, 3 Otto 589, the Supreme Court of the United States decides that, in the case of a conjoint legacy to two, one dying before the testator, the whole goes to the survivor. At common law, a conjoint legacy does not become severable by reason

[Yard's Appeal.]

of the death of one of the class of legatees during the lifetime of the testator: Webster v. Webster, 2 P. Wms.t347; Cray v. Willis, Id. 529; Campbell v. Campbell, 4 Bro. C. C. 15; Morley v. Bird, 3 Vesey, Jr., 628, 632; Whitmore v. Trelawny, 6 Vesey, Jr. 130.

The auditor draws from the decision in Kennedy's Appeal, the inference that the bequest in this case must be read as though it contained words of severance. That is, he imports into the specific bequest of a chattel an intention, on the part of the testatrix, to divide it, without any other warrant than the law as settled in that case in respect to devises of real estate. The very point in that case was, that in a devise of real estate to several, on the death of one before the devisor, the remaining devisees do not take the whole, but only their aliquot parts of the land. And this by reason of the devise speaking from the date of the will, and from that time vesting an interest in the deceased devisee. Here there was an estate on which the Act of 1812, which applies only to vested estates, could operate.

*L. C. Massey, U. C. Smith, J. B. Townsend, George W. Biddle* and *E. Spencer Miller,* for appellees.—The rule stated by the appellant, that in the case of a bequest to two, without more, the legacy is to them as joint tenants, and will survive as a whole to any survivor of the beneficiaries living at the testator's death, may be conceded to be that of the common law; but, it is submitted, that rule has been altogether abolished by the Act of 31st March 1812, Purd. Dig. 815, and if it were not, it would have no application to the present case.

A devise of real estate to two or more, without words of severance, by the operation of the Act of 1812, is to them as tenants in common, and the parts of those dying in the lifetime of the testator will not accrue to the survivor: Duncan v. Forrer, 6 Binn. 193; Seely v. Seely, 8 Wright 437; Beeson v. Miller, 15 Pitts. Leg. Jour. 187; Kennedy's Appeal, 10 P. F. Smith 511. The appellant, however, contends that in Kennedy's Appeal, the will, as to the devise, spoke from its date, and that the Act of 1812 has *proprio vigore* no effect upon an ambulatory disposition of personalty. But the decision in that case could not well be, as it was not, put on any such ground, and there is no argument adduced by the learned chief justice to support the judgment in that case that does not apply with equal force to the present. Joint tenancy in chattels, as to the creation of the estate, does not differ from joint tenancy in real estate: 2 Bl. Com. 399. The act operates on a bequest of personalty precisely as it does on a devise of real estate, as it extends by its terms to each kind of property, and makes no distinction between them in regard to the effect of its enactment. The question to be determined in all cases of this nature is what estate would have vested if all the legatees had survived. The

[Yard's Appeal.]

estate in this case *eo instanti* it vested in both the legatees would
have become, by the operation of the Act of 1812, a tenancy in
common.

At the common law of Pennsylvania this bequest would have
been construed as one to tenants in common.  The later English
rule, that there is no presumption against joint tenancies created
by will, has never obtained in this state, where the courts, long
before the Act of 1812, held, that the intention of the testator to
create a joint tenancy must clearly appear; and in those few cases
which have arisen since the statute that doctrine has been affirmed.
As early as 1797, the High Court of Errors and Appeals, in Mc-
Pherson *v.* McPherson, Add. 327, decided that they " ought to lay
hold of every possible construction to make it a tenancy in com-
mon."  Reasons quite as strong as those moving the court in
McPherson *v.* McPherson, to declare the devisees tenants in com-
mon, exist here.  The object of the bequest, as stated therein, was
to reward " the long and faithful services by them both as agents
and friends."  The services rendered as agents were to her estate;
those as friends, to her bodily comfort.  They, especially the latter
class, could be rendered, not in a joint, but only in an individual
capacity.  In the absence of proof to the contrary, we must take
it for granted that the services rendered by the beneficiaries were
equal, and that the compensation was intended to be commensurate
with the services.

Chief Justice AGNEW delivered the opinion of the court, Jan-
uary 28th 1878.

We have but a single question in this case, whether a bequest
to " John Yard, Jr., and Charles Yard, of all the City of Phila-
delphia loans of every description now standing in my name,
amounting in all to the sum of $116,300, or the equivalent of the
same in money, should I dispose of the same, or any part thereof,
during my lifetime," contained in the will of Mary P. Loxley, sur-
vived to Charles Yard on the death of John Yard, Jr., before the
death of the testatrix, or whether John Yard's share lapsed.

This question is really settled by the decision in Kennedy's
Appeal, 10 P. F. Smith 511.  It is true the subject of discussion
in that case was a devise of real estate, while that before us is a
bequest of personalty.  But Kennedy's case was not rested on
any difference between realty and personalty, or a difference be-
tween the effect of a devise and a testament.  The case was ruled
upon the effect of the Act of 31st March 1812, abolishing the right
of survivorship as an effect of joint tenancy.  This act relates
to personal as well as to real estate, and the policy which dictated
its enactment seems to be equally applicable to each.  The rea-
sons, therefore, given in the opinion in Kennedy's Appeal apply
with equal force to the bequest in this case.  The Act of 1812

[Yard's Appeal.]

has become a rule of property, and as such it is better that its interpretation should be uniform, thereby producing certainty in the interpretation of wills, instead of giving a diversity of effect to the law, and thereby uncertainty and confusion in interpreting wills. Referring, therefore, to Kennedy's Appeal for the reasons there given, further discussion is unnecessary.

It is proper, before closing, to say that we give no opinion on the question whether the lapsed legacy to John Yard, Jr., fell into the residue. The parties representing that question are not before us.

> Decree affirmed, with costs to be paid by the appellant, and the appeal is dismissed.