## Redemptorist Fathers *v.* Lawler, Appellant.

*Joint tenancy—Survivorship—Act of March* 31, 1812, 5 *Sm. L.* 395.

While the right of survivorship as an incident of joint tenancy is expressly abolished by the Act of March 31, 1812, 5 Sm. L. 395, it is not forbidden by the act, nor made illegal in anyway to create by grant or devise an estate with the same attribute of survivorship as joint tenancy at common law.

Survivorship as an incident of an estate granted being still lawful, its creation becomes a question of intent. No particular form of words is required further than that they shall be sufficient to clearly express an intent in order to overcome the presumption arising from the statute. A grant to four persons to hold " as joint tenants, and not as tenants in common," creates an estate subject to the right of survivorship.

Argued Nov. 7, 1902. Appeal, No. 177, Oct. T., 1902, by defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. Term, 1902, No. 472, for plaintiff on case stated in suit of the Redemptorist Fathers of the State of Pennsylvania v. James B. Lawler. Before MITCHELL, DEAN, FELL BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Case stated to determine the marketable title to real estate. The case stated was as follows:

On November 19, 1862, Rev. Francis Joseph Muller et al. granted and conveyed to Rev. John De Dycker, Rev. George Ruland, Rev. Francis Xavier Seelos and Rev. Joseph Helmpraecht, "as joint tenants and not as tenants in common," inter alia, a tract of land in the city of Allegheny.

That said Francis Xavier Seelos died on October 4, 1867; the said John De Dycker died on December 9, 1883; the said Joseph Helmpraecht died on December 15, 1884; the said George Ruland died on November 25, 1885, in Howard county, in the state of Maryland, unmarried, leaving his last will and testament in which he devised and bequeathed all his property, real and personal, to the Redemptorists, a body corporate under the laws of the state of Maryland, which said last will and testament was duly probated and registered in the county of Howard, in the state of Maryland.

That the said, the Redemptorists, so being such body cor-

porate as aforesaid, on May 4, 1897, inter alia, granted and conveyed the said tract of land to the Redemptorist Fathers of the state of Pennsylvania, plaintiff above named.

That the said defendant, by an agreement in writing dated June 2, 1902, agreed to purchase of the said plaintiff, a certain lot of ground situate in the thirteenth ward of the city of Allegheny, part of the above mentioned tract, but declines to comply with the conditions of the said agreement of sale, for the reason that he avers that the title of said plaintiff to said property is not a good marketable title in fee simple ; that said Rev. John De Dycker, Francis Xavier Seelos, Rev. Joseph Helmpraecht and George Ruland, were seized of the land above described as tenants in common, and the said George Ruland, the survivor of the said four last mentioned persons, was not seized of the entirety by reason of his survivorship, and had no power to devise said land as above mentioned in his said last will and testament.

*Error assigned* was in entering judgment for plaintiff for $10,000 on case stated.

*Robert T. McElroy*, for appellant.—The contention of the appellee and the opinion of the court below rest upon the assumption that the words " as joint tenants and not as tenants in common " are equivalent to a conveyance to the parties to have and to hold the lands conveyed as they would have been held by joint tenants at common law and before the passage of the act of March 31, 1812. This construction is not supported by any authority.

In every instance in which the courts have upheld the right of survivorship, it will be found to have been created by words which, more or less definitely, created that very right: McKeever v. Patteson, 2 Pa. C. C. Rep. 304.

*W. A. Magee*, with him *Charles A. Fagan*, for appellee.

Opinion by Mr. Justice Mitchell, January 5, 1903 :

The Act of March 31, 1812, 5 Sm. L. 395, expressly abolished the right of survivorship as an incident of joint tenancy, and provided that " whatever kind the estate or thing holden, be,

the parts of those who die first . . . . shall be considered . . . . in the same manner as if such deceased joint tenants had been tenants in common."

But it is not forbidden by this act, nor made illegal in anyway, to create by grant or devise an estate with the same attribute of survivorship as joint tenancy at common law. Thus a grant to three for their joint lives with remainders to the survivors and survivor, and to the heirs of the survivor in fee would be unquestionably good and yet it would be practically a grant to the three in joint tenancy with survivorship as at common law. This was substantially the case of Arnold v. Jack's Exrs., 24 Pa. 57, and it was there held that though survivorship as an incident of joint tenancy has been abolished, it may still be created or conferred by express words in a deed or will. See also Kerr v. Verner, 66 Pa. 326, and Jones v. Cable, 114 Pa. 586.

Survivorship as an incident of an estate granted being still lawful, its creation becomes a question of intent. No particular form of words is required further than that they shall be sufficient to clearly express an intent in order to overcome the presumption arising from the statute.

In the present case the grant was to four, to hold "as joint tenants and *not* as tenants in common."

The only practical difference between the two estates was the right of survivorship in joint tenancy. The statute had abolished this and provided that the estate holden should be considered "in the same manner as if . . . . they had been tenants in common." When therefore the grantor declared in his deed that his grantees should hold "as joint tenants and not as tenants in common," he made clear his intent not to follow the statute but to convey an estate subject to the right of survivorship, the distinguishing incident of joint tenancy at common law.

Judgment affirmed.