538 A.2d 923

**ESTATE OF David A. BRUCE, Deceased.** ·

**Appeal of Betty BRUCE.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1987.

Filed March 11, 1988.

James G. Nealon, III, Harrisburg, for appellant.

Jan M. Wiley, Dillsburg, for appellee.

Before WIEAND, TAMILIA and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from the order of the Orphans Court of Cumberland County which, pursuant to the Probate Estates and Fiduciaries Code, 20 Pa.C.S.A. § 2211(a), denied appellant, Betty Bruce, wife of the decedent, her election against two tracts of land owned by the decedent and his paramour.

The facts as stipulated to by the parties discern that Betty and David Bruce were husband and wife who separated in 1972 but never divorced. In 1977 David Bruce entered into a marriage ceremony with Ruth Bruce who had no knowledge at that time that David was already married. During the course of their relationship David and Ruth purchased two tracts of land in Cumberland County, the deeds to which describe the grantees as "David A. Bruce and Ruth E. Bruce, his wife". In 1983, David Bruce died testate leaving his entire estate to Ruth. Upon David's death, Betty Bruce, the lawful widow, filed a petition to elect to take against David's will and a petition to determine her elective share of his estate. The primary issue is the

right of David's lawful wife Betty in the two tracts of land in Cumberland County purportedly held as entireties property by David and Ruth Bruce. The lower court determined that since the two tracts of land purchased by David and Ruth Bruce during the term of their relationship could not be entireties property they were joint tenancies with right of survivorship and therefore passed to Ruth Bruce. Betty Bruce filed exceptions to the court's findings which were denied. This timely appeal followed.

We are to determine whether or not the lower court erred in construing the deeds to the two tracts of land in the name of "David A. and Ruth E. Bruce, his wife" as creating joint tenancies with right of survivorship rather than tenancies in common.

 In this context we refer to the legal principle which holds that one can be married to only one person at a given time and any attempted remarriage to another while the marriage is valid is void. *See Watt Estate*, 409 Pa. 44, 185 A.2d 781 (1962). Accordingly, in conveyances of land, a tenancy by entirety can only be created when a valid marriage exists between two parties since the basis of this conveyance is the common law concept of the unity of husband and wife. Consequently, two grantees or devisees not husband and wife, regardless of whether they are so designated in the deed, cannot take as tenants by the entireties. *See* Ladner on Conveyancing in Pennsylvania, § 1.08 (Clark et al. 4th ed. 1979).

It is also well established that an estate in two or more grantees, not husband and wife, creates a joint tenancy. At common law such a tenancy was favored and the doctrine of survivorship was a recognized incident to this estate.

Under the Act of 1812, Act of March 31, 1812, P.L. 259 (1972), the incident of survivorship in joint tenancies was removed unless the instrument creating the estate expressly provided that it should apply. The Act of 1812 does not forbid creation of a joint tenancy with right of surroundings if the language creating it clearly expresses that intent.

*See* Ladner, *supra; Zomisky v. Zamiska,* 449 Pa. 239, 296 A.2d 722 (1972).

David Bruce's marriage to Betty was never legally dissolved, and, consequently, his subsequent marriage to Ruth was void. Therefore, the deeds to the property in Cumberland County which conveyed land to David and Ruth, his wife could not convey an entireties estate. It was incumbent on the court to determine exactly what estate existed. In its opinion in support of finding that the deeds conveyed a joint tenancy with right of survivorship the court below stated:

> In the matter *sub judice,* Ruth Bruce and David Bruce entered into a marriage although the marriage was void. Specifically, Ruth Bruce had no knowledge at the time of her marriage to David Bruce that her husband was still validly married to another. In fact, she did not learn of the existing marriage to Betty Bruce until the filing of the instant action. Therefore, there is *proof,* in the record of this case, that, at least insofar as Ruth Bruce was concerned, there was no pretense to the marital relationship described in the deed's grantee designation ... she took title assuming and intending all the incidents of marriage, including survivorship ... Common sense, therefore, dictates that he [David Bruce] intended to take title in the same way. The intention of the grantees, being therefore clear, we find that the subject property was owned by the decedent and Ruth Bruce as *joint tenants* with the right of survivorship.

The lower court assumed a survivorship right where none was provided in the deed. In support of its conclusion the lower court relied on the seminal case of *Maxwell v. Saylor,* 359 Pa. 94, 58 A.2d 355 (1948). In *Maxwell,* Emma Saylor and Raymond Maxwell lived together as husband and wife although they were not married. Emma owned a boarding home which she sold and with the proceeds purchased a smaller residence in which she and Maxwell lived. When the smaller residence was purchased, title was taken in the name of Raymond Maxwell and Emma Maxwell, "his wife",

and the grant was to them "their heirs and assigns, as tenants by the entireties". The purchase price was $3250.00 of which Emma paid $200.00 in cash. She and Raymond also gave a note for $800.00 and signed a bond and mortgage for the remaining $2250.00. Subsequently, Emma paid the $800.00 monthly installments as well as all the interest on the mortgage. Raymond made no contribution whatever to the purchase price. When he died, his wife and daughter brought a bill in equity for partition on the theory that, as his heirs, they were the owners of an undivided one-half interest in the property. In light of these facts the *Maxwell* court opined:

> The question here is: What is such appropriate form of tenancy? This depends entirely upon the intention of the parties, which is the ultimate guide by which all deeds must be interpreted: *Hindman v. Farren*, 353 Pa. 33, 44 A.2d 241 [1945]. Their *declared* intention was to own the property as tenants by the entireties, which is an estate "per tont et non per my". This was equivalent to stating in so many words that they desired to establish a right of survivorship: *Michael v. Lucas*, 152 Md. 512, 137 A. 287 [1927]; *Mitchell v. Frederick*, 166 Md. 42, 170 A. 733 [1934]. Therefore joint tenancy with the right of survivorship, an estate "per my et per tont"—best effectuates their intention to the extent legally permissible, that being the form of tenancy for unmarried persons most nearly resembling the tenancy by the entireties enjoyed by husband and wife, since in both instances the survivor takes the whole.

*Maxwell v. Saylor*, 359 Pa. at 96–97, 58 A.2d at 356.

We believe that the lower court's reliance on *Maxwell* is misplaced as there the court interpreted a grant to Raymond Maxwell and Emma Maxwell, "his wife" "their heirs and assigns, as tenants by the entireties." In our instant case the deed was to David A. and Ruth E. Bruce, "his wife" and no words of limitation followed the grant. Thus, the facts herein are akin to those in *Teacher v. Kijurina*, 365 Pa. 480, 76 A.2d 197 (1950). In that case Nick Kijurina

and Sarah Jaic lived together as man and wife for about 18 years. She was known by the name of Sarah Kijurina. They were in fact not married. They lived together on a farm in Westmoreland County, title to which they had acquired in 1935, by conveyance to them in the names "Nick Kijurina and Sarah his wife". Thereafter, they acquired certain other real estate in a like manner. Sarah predeceased Nick leaving a will by which she specifically devised the real estate in question to her sister, brother-in-law, nephew and niece. The executrix of her estate filed a bill in equity against Nick alleging that she was denied access to the farm in which she claimed her decedent has a half interest in common. The principal question in *Kijurina* was whether the real estate acquired by a deed in which the granting clause merely named the grantees as "Nick Kijurina and Sarah Kijurina, his wife" operated to convey an estate of tenancy in common or vested an estate with incident of survivorship in the nature of a joint tenancy. The lower court, in light of the testimony produced as to who paid the purchase price, ruled the estate was one of survivorship and thereupon dismissed appellants' bill. The Supreme Court reversed, stating:

> [A]lthough a deed under such circumstances (where made to a man and woman not husband and wife) is ineffective to create a tenancy by the entireties, it is not wholly invalid, there being no reason why the grantees like any other two persons cannot take title in some form of dual ownership appropriate under the circumstances. The question then resolves itself to the narrow question, What is appropriate under the circumstances? As in cases of this kind, whether parties honestly believe they are husband and wife or merely live in a meretricious relationship and hold themselves out as husband and wife as a concession to public opinion or decency, must be decided solely on the language of the deed.
>
> If we regard the addition of the words "his wife" as mere description or surplusage because of the settled rule that that word cannot operate to create a tenancy by entireties unless the pretended relationship is one of truth and fact,

then at common law such a conveyance would have been construed as a joint tenancy. But the common law rule was changed by the Act of 1812, 5 Sm.L. 395, 20 P.S. 121. This Act has been consistently construed as abolishing the *incident of survivorship* but not as forbidding the creation of an estate with the same attribute of survivorship as a joint tenancy at common law: *Redemptorist Fathers v. Lawler*, 205 Pa. 24, 54 A. 487 (1903). And the Act applies to both personal as well as real property: *Yard's Appeal*, 86 Pa. 125 (1878).

It is perhaps a confusion of terms and an inaccuracy to say that a joint tenancy in real estate may still be created; it is more accurate to say that the *right of survivorship may be engrafted* on a dual estate which might otherwise be a tenancy in common. But to do so that intent must clearly appear in order to overcome the presumption arising from the statute that survivorship is not intended. In the *Redemptorist Fathers* case (supra) that intent was found from the words conveying to the grantees "as joint tenants and not as tenants in common."

. . . . .

[So] in *Maxwell v. Saylor*, supra, there was added to the names of the parties who were not husband and wife, the words "their heirs and assigns, as tenants by the entireties." "This", said Mr. Justice Horace Stern, "was equivalent to stating in so many words that they desired to establish a right of survivorship." To which we now add and therefore sufficient to satisfy the requirements of the Act of 1812 ...

In the case before us there is no such indication of intent. Of course it is arguable that the mere use of the words "his wife" of itself would imply an intent to create an entireties estate. And it is true that if such language without more were used to convey to grantees *who were in fact husband and wife,* an estate by entireties would be created. But we cannot carry the implication of intent that far in a case where the parties are *not married* for they may have been motivated solely by a desire to make

a public record conform to the pretended relationship. We cannot safely infer therefore that an estate by entireties was intended by these parties. Hence the clear expression of intent necessary to satisfy the Act of 1812 is lacking. In *Maxwell v. Saylor* we went as far as we could go and that case must not be extended beyond its facts. (emphasis in the original)

*Id.*, 365 Pa. at 487–89, 76 A.2d at 201–02. *See also, First Federal Savings and Loan Association of Greene County v. Porter*, 408 Pa. 236, 183 A.2d 318 (1962). Accordingly, under language in a deed, identical in effect, to that in the instant case, to wit to "David A. Bruce and Ruth E. Bruce, his wife," the court in *Kijurina* determined that the estate was a tenancy in common.

The deeds in this case were grants to "David A. Bruce and Ruth E. Bruce, his wife" and attempted to convey a title which cannot be conveyed since the grantees were not married to each other. There are no words in the deeds to which meaning can be given that would enable us to conclude that the parties intended a joint tenancy with right of survivorship. *See Maxwell, supra.* Therefore, we find this case is on point with *Kijurina, supra.* The deeds here lack the specificity necessary to create a survivorship right and the facts present on the record do not disclose that the intent of David Bruce was to do so. In construing a deed, it is not what the parties may have intended by the language used but what is the plain meaning of the words. *Kijurina, supra.* Thus, we hold that the deeds to the properties in Cumberland County conveyed to David and Ruth Bruce a tenancy in common, the attribute of which is that each tenant holds an undivided interest in the property and that interest does not terminate upon the death of one of the tenants.

Hence, we remand this case to the court below for a finding as to the interests of David and Ruth Bruce in the properties and their monetary value. The interest belonging to David shall then pass through his estate and be subject to the elective share of Betty Bruce.

24

The order of the court below is reversed and this case is remanded for findings consistent with this opinion. Jurisdiction relinquished.