## Ray v. Luce

*George A. Kotjarapoglus,* for plaintiffs.
*Kemp C. Scales,* for defendants.

MILLER, *P.J.,* September 12, 1990 — The court is called upon to determine whether a deed reservation of some oil and gas interest was a reservation of a royalty interest or mineral interest.

This is an action for declaratory judgment and partition. Before the court for disposition at this point is the declaratory-judgment action.

## FACTS

Plaintiffs Lenore Ray and Wanda Walker are the owners of land in Troy Township, Crawford County, Pennsylvania. Plaintiff Mark Resources entered into an oil and gas lease with Lenore Ray and Wanda Walker on March 24, 1988. Defendants, whose exact identity and whereabouts are unknown, are the owners of some interest in the gas and oil. Plaintiffs desire that the court determine what that interest is.

Defendant, E. Lovina Luce, one of the prior owners of the fee, reserved an undivided one-eighth interest in all oil and gas "produced or found" on property situate in Troy Township, Crawford County, Pa. That reservation provides as follows:

"The grantor reserves, however for herself and her heirs and assigns, the one-eighth of all oil and gas *produced or found* on said land for all times (forever)." (emphasis supplied)

Under Pa.R.C.P. 1602 where the declaratory judgment is *ancillary* to other actions as to whether it is under law or equity jurisdiction is determined by the other remaining causes of action or requests for relief. Therefore, this case is properly within equity jurisdiction as the remedy for the partition of land is an equitable remedy.

The Declaratory Judgment Act at 42 Pa.C.S. §7531 et seq. states that the act is remedial and intended to provide relief from uncertainty and to establish the various legal relationships, 42 Pa.C.S. §7532; *Curtis v. Cleland,* 122 Pa. Commw. 328, 552 A.2d 316 (1988). The action for declaratory judgment is appropriate for the construction of documents, including deeds and written contracts, to obtain "a declaration of rights, status, or other legal relations thereunder." 42 Pa.C.S. §7533. The contract need not have been breached for a declaratory judgment action to commence, 42 Pa.C.S. §7534. However, for relief to be granted under the act, all parties who have an interest must be made party to the action. 42 Pa.C.S. §7540(b).

Plaintiffs herein wish to know their rights and obligations under the 1906 Luce deed reserving the one-eighth interest in oil and gas. It is clear that the Declaratory Judgment Act is applicable to the facts of this case and is an appropriate remedy.

The rules of deed construction can be classified briefly. In construing deeds, as well as written agreements, we are to ascertain the intention of the parties at the time the transaction took place. *Lyncott Corporation v. Chemical Waste Mgt.,* 690 F.Supp. 1409 (E.D. Pa. 1988); *Ress v. Berent,* 378 Pa. Super. 397, 548 A.2d 1259 (1988).

Where the language of a deed is clear and unambiguous the court must consider the plain meaning of the words used rather than what the parties may

have intended. *In re Appointment of Viewers,* 409 Pa. 290, 186 A.2d 20 (1962); *Estate of Bruce,* 372 Pa. Super. 16, 538 A.2d 923 (1988). An instrument, however, is not ambiguous simply because the parties cannot agree upon the proper construction. *Metzer v. Clifford Realty Corp.,* 327 Pa. Super. 377, 476 A.2d 1 (1984). There must be "objective indicia" that the terms are susceptible to different meanings. *Z&L Lumber Co. v. Nordquist,* 348 Pa. Super. 580, 502 A.2d 697 (1985). In making the determination whether the terms are clear and unambiguous, the court not only considers the words of the writing, but the alternative meanings suggested by counsel, and extrinsic evidence offered in support of those meanings. *Krobin Refrigerated Xpress Inc. v. Pitterich,* 805 F.2d 96 (3d Cir. 1986) [interpreting Pennsylvania law]. The court must hear evidence or, in this case, argument presented by both parties in determining if an ambiguity exists; and is not to look at the document alone in a vacuum. *Z&L Lumber, supra.*

A number of principles that the court may take into consideration in deed or instrument construction are not present here. For instance we do not know anything about the subsequent acts of the parties when the deed was made and delivered in 1906 to show the construction they placed on the key deed wording. *Ryan v. Hudak,* 490 Pa. 211, 185 A.2d 570 (1962). We do not know anything about conversations that took place at the time the grant was made. *Baederwood Inc. v. Moyer,* 370 Pa. 335, 87 A.2d 246 (1952); *Price v. Anderson,* 358 Pa. 209, 56 A.2d 215 (1948). We do not know anything about the surrounding circumstances, such as whether or not the grantors or grantees in the 1906 deed ever entered into an oil and gas lease, made further

assignment, etc. *Flaherty v. DeHaven,* 302 Pa. Super. 412, 448 A.2d 1108 (1982).

We have considered the various factors influential in the process of construing the deed language. For instance there are helpful discussions in Williams and Myers, *Oil and Gas Law,* §304, and an article written by a member of the bar of this court, "The Mineral Interest-Royalty Distinction: An Eastern View and Update," by Russell L. Schetroma, found at 8 E. Minn. L. Inst. 18-1 (1987).

It appears that there is no extrinsic evidence or parties available. Plaintiffs' understanding of the reservation is irrelevant since they were not parties to the original 1906 deed reserving the one-eighth interest in oil and gas. Thus the court is left with interpreting the words which the parties used.

Plaintiffs' counsel makes the argument that any ambiguity should be construed against the grantor and in favor of the grantee. Though true this rule of construction is only used once the court determines, after review of all the evidence and the applicable law, that an ambiguity still exists. That rule states that:

"Where the terms of a deed are *doubtful,* the court will adopt construction which is most in favor of the grantee and against the grantors." *Walker v. Walker,* 153 Pa. Super. 20, 33 A.2d 455 (1943); *Ansberry v. Brodheads Forest and Stream Assn.,* 315 Pa. 513, 174 A.2d 97 (1961).

Did defendants reserve a mineral or royalty interest unto themselves in the 1906 deed?

A mineral estate is the most complete ownership of minerals, oil and gas recognized in the law. It is, quite simply, ownership of oil and gas prior to production. It includes the right to enter onto land to explore, drill for, produce and otherwise carry on mining, or oil and gas activities. The owner of a

mineral estate has the right to do any and all acts necessary to discover and produce oil and gas. He has the right to grant leases, the right to receive bonuses and delayed rentals. The mineral interest is not free of costs, however. It is subject to the cost of exploration, development, production, marketing, etc.

On the other hand, a royalty interest is the right to share in completed production. It attains economic reality after exploration, extraction and the cost of production has occurred. It is a share of the product. The owner of a royalty interest has no right to do any act or thing to discover and produce oil and gas. He has no right to grant leases. It is not an interest in fee. See, for example, Williams and Myers, *Oil and Gas Law,* §301 et seq.; *Mounger v. Pittman,* 108 So.2d 565 (Miss. 1959); 58 C.J.S., Mines and Minerals, §155 et seq.

There appear to be no Pennsylvania appellate decisions deciding what language or magic words create a mineral interest versus a royalty interest. In arriving at our conclusion we have placed the greatest emphasis on the words used by the parties in the 1906 deed mindful of the caveat given by Williams and Myers, *Oil and Gas Law,* §304, that isolating and analyzing factors separately is risky because most cases have combined ingredients. In those cases the relative importance of particular factors may not be easy to observe.

We found no case where the words "produced" or "found" were used either together, or in conjunction with expanded language.

In *Hardy v. Greathouse,* 94 N.E.2d 134 (Ill. 1950), the court held that an oil and gas reservation almost identical to the one found in the Luce deed where the word "produced" (not "may be produced") was used meant *after* oil and gas were taken from the

ground. The court held that the intent was that a royalty interest and not a mineral interest was retained. Other decisions seem to support this interpretation. See also, *Neel v. Rudman,* 50 So.2d 234 (Fla. 1948).

In *Mounger v. Pittman,* 108 So.2d 565 (Miss. 1959), the magical term used was "which may be produced." The court held that this language implied an interest *before* production, and was thus a mineral interest. Other courts, however, have held that this same language means a royalty interest was granted or reserved, and not a mineral interest.

The use of the words "in and under" is usually sufficient to indicate a mineral interest. Williams and Myers, *supra,* §§304.4, 304.5. Some cases hold that the absence of those words therefore indicates a royalty interest while other cases disagree. Williams and Myers, §304.4; *Miller v. Speed,* 248 S.W.2d 250 (Tex. Civ. App. 1952).

The term "produced and saved" is, according to Williams and Myers, the counter phraseology to "in and under." "Produced and saved" indicates a royalty interest. Williams and Myers, §§304.5, 304.7. In fact the authors represent that they were only able to find one case where a court allowed that term to indicate a mineral interest and that is where additional language was used too. See *Simson v. Langholf,* 293 P.2d 302 (Colo. 1956).

In *Casteel v. Crigler,* 266 P.2d 643 (Okla. 1954) a deed reservation of "all that may hereafter be *produced and saved"* was held to indicate a royalty interest. The effect of the word "hereafter" was not discussed but undoubtedly it was significant.

In *McDonald v. Bennett,* 164 S.E. 298 (W.Va. 1932) the term "that may be produced" indicated a royalty interest. The court held that it was apparent from the words "that the parties were not speaking

in terms of an interest in oil and gas then in place." Rather the parties were speaking of a royalty interest which would follow production of oil and gas or both.

We conclude that the use of the word "produced" cannot refer to the reservation of an oil and gas interest then in place. That word indicates that something else must happen, that some future event must take place that brings about a "result" that is tangible. At that point something is "produced." *Davis v. Hardman,* 133 S.E.2d 77 (W.Va. 1963).

We could find no case in which the term "found" was used when not in conjunction with the terms "in and under" or "lying (upon)," which, as previously explained, may connote either a mineral or royalty interest. In *McNeese v. Renner,* 197 Miss. 203, 21 So.2d 1, the synonym "discovered" was used in the phrase "all minerals, oil and gas that might hereafter be discovered." The court held that such was a mineral interest; we note, however, that conditional terminology was used and such terminology is lacking in the case sub judice.

Even if the term "found" was mineral-tending terminology, the clear weight of the authority indicates that when a mineral-tending term(s) is inapposite to royalty-tending term(s) a royalty interest exists. See *Royalty Co. v. Arkansas-Oklahoma Gas Co.,* 222 Ark. 213, 258 S.W.2d 51 (1953); *Atlantic Refining Co. v. Beach,* 78 N.M. 633, 436 P.2d 107 (1968): *Watkins v. Slaughter,* 144 Tex. 179, 189 S.W.2d 699 (1945).

Another tool for interpreting the clause granting or reserving an oil or gas interest is whether an easement was granted or reserved to enforce the owner's rights for oil and gas production. If so, then the intent is implied that a mineral right was reserved. See *Mounger v. Pittman, supra.* If an ease-

ment was not granted or reserved, then a royalty interest may have been the intent. *McDonald v. Bennett, supra.* This method is not conclusive, however, especially in Pennsylvania, where easements are implied at law for the owner of the oil and gas interest to extract the same. *Oberly v. Frick Coke Co.,* 262 Pa. 83, 104 Atl. 864 (1918); and *Schuster v. Pennsylvania Turnpike Commission,* 395 Pa. 441, 149 A.2d 447 (1959). Therefore, the absence of a grant or reservation of an easement may not necessarily be determinative as a matter of law that a royalty interest was granted; however, its absence may be evidence as to whether the parties truly contemplated such a right of entry upon the land.

In construing the meaning without resort to case law, because the reservation in the deed uses "produced or found," and not "may be produced and found," the ordinary dictionary meaning would seem to imply that the interest in the oil and gas does not come into being until *after* production and not before; therefore, a royalty interest was granted.

Plaintiffs urge a different result. They urge this court to conclude that there was a mineral interest for practical reasons. They believe an oil and gas lessee would not grant more than one-eighth royalty interest. Since that is what has already taken place here the current owners of the land will receive no benefit. That would adversely affect the marketability and development of the oil and gas estate.

Plaintiffs urge us to consider the impact on development of oil and gas estate when construing the language of the oil deed. That is an interesting concept for which the plaintiffs cite no legal authority.

## FINDINGS OF FACT

(1) That on the October 29, 1906 when E. Lovina Luce conveyed all of her right, title and interest in and to four acres of land in Troy Township, Crawford County, Pa., she intended to reserve unto herself, her heirs and assigns, a royalty interest amounting to one-eighth of all oil and gas produced or found on the land.

(2) That Lenore Ray and Wanda Walker, the current owners of the fee simple title to four acres of land in Troy Township, Crawford County, Pa., are the sole owners of the mineral interest in oil and gas subject to any leases they or their predecessors may have signed and subject to a one-eighth royalty interest in E. Lovina Luce, her heirs, successors and assigns.

## CONCLUSIONS OF LAW

(1) That a reservation of one-eighth of all oil and gas produced or found on land created a royalty interest in oil and gas, that is an interest after production.

## JUDGMENT

And now, September 12, 1990 the issues having been duly tried before the court sitting without a jury, and the court having made its findings of fact and conclusions of law, it is ordered and adjudged that the rights of the parties are as follows:

(1) Defendants are the owners of a one-eighth royalty interest in any oil and gas produced from four acres of land in Troy Township, Crawford County, Pa.

(2) That Lenore Ray and Wanda Walker are the owners of a mineral interest in all oil and gas in place and presently situated on four acres of land in Troy Township, Crawford County, Pa., subject, how-

ever, to the royalty interest of defendants and any interest in Mark Resources Corporation by virtue of any lease or leases heretofore entered into in its favor.