J-A09030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PEGGY HOOKER, SUBSTITUTE ADMINISTRATRIX D.B.N., FOR THE ESTATE OF EDWARD C. WAGNER | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| MARY B. WAGNER, A/K/A MARY B. SHAULIS, ROSE M. BLOUGH AND KENNETH E. BLOUGH, AND S&T BANK | : : : : : : : : | No. 1243 WDA 2017 |
| APPEAL OF: ROSE M. BLOUGH AND KENNETH E. BLOUGH | : : | |

Appeal from the Order August 1, 2017
In the Court of Common Pleas of Westmoreland County Civil Division at
No(s):  5606 OF 2008

BEFORE:  BOWES, J., DUBOW, J., and MURRAY, J.

MEMORANDUM BY DUBOW, J.:                      **FILED AUGUST 14, 2018**

Appellants, Rose M. Blough and Kenneth E. Blough, appeal from the Order entered in the Westmoreland County Court of Common Pleas granting the Motion for Summary Judgment filed by Appellee, Peggy Hooker, Substitute Administratrix D.B.N., for the Estate of Edward C. Wagner, and denying Appellants' Motion for Summary Judgment.  We affirm.

This case involves a dispute over the survivorship interest of certain real properties in which the Decedent, Edward C. Wagner, was a co-owner.  The Deeds to the properties at issue identify the Grantees as "Edward C. Wagner

and Mary B. Wagner, his wife,"[1] and "Edward C. Wagner and Mary B. Wagner, husband and wife."[2]  After Decedent died intestate in September 2005,[3] Mary Wagner transferred the subject real estate to Appellants, her daughter and son-in-law.

On May 27, 2008, Tammy Wagner, then Administratrix of the estate of Edward C. Wagner,[4] filed a Complaint in Action to Quiet Title against Appellants, alleging that, at the time of his death, (1) Decedent was still legally married to Sandra Kelly, also known as Sandra Wagner,[5] and (2) because Decedent was not legally married to Mary B. Wagner at the time of his death, he owned the properties at issue as a tenant in common with Mary B. Wagner. As such, the Administratrix contended that Mary B. Wagner could only convey one-half interest of the properties at issue after Decedent's death, and that

_____

[1] Westmoreland County Recorder of Deeds Book Vol. 3626, Page 117, recorded November 5, 1998.

[2] Westmoreland County Deed Books, Instr: 200204020022563.

[3] Appellants allege that Decedent died intestate, and the record is devoid of any will for Decedent.

[4] On February 26, 2014, Tammy Wagner, the first Administratrix of Decedent's estate who initiated the Quiet Title Action, was removed and Peggy Hooker was appointed Substituted Administratrix.  R.R. at 2a.

[5] Decedent and Sandra married in 1975 and separated in 1980, but never divorced.

the estate of Decedent owns the remaining one-half interest of the properties. Appellants filed a Motion to Dismiss the Quiet Title Action.

On March 18, 2015, the trial court entered an Order and Decree that Sandra J. Wagner did not forfeit her right to an intestate share of Decedent's estate pursuant to Section 2106(a) of Pennsylvania's Probate, Estates and Fiduciaries Code,[6] and is the sole intestate heir of Decedent pursuant to Section 2102(1).[7]

Appellants and Appellee then filed Cross-Motions for Summary Judgment in which each asked the trial court to determine whether Decedent and Mary B. Wagner owned the properties at issue as tenants in common or as joint tenants with a right of survivorship. On August 1, 2017, the court entered an Order granting Appellee's Motion for Summary Judgment and found that Appellants hold title to the properties at issue as tenants in common with the estate of Decedent.

This timely appeal followed. Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants raise the following six issues on appeal:

---

[6] 20 Pa.C.S. § 2106(a)(1) ("A spouse who, for one year or upwards previous to the death of the other spouse, has willfully neglected or refused to perform the duty to support the other spouse, or who for one year or upwards has willfully and maliciously deserted the other spouse, shall have no right or interest under this chapter in the real or personal estate of the other spouse.")

[7] 20 Pa.C.S. § 2102(1) ("The intestate share of a decedent's surviving spouse is[, i]f there is no surviving issue or parent of the decedent, the entire intestate estate.")

1. Did the [l]ower [c]ourt err in granting [Appellees'] Motion for Summary Judgment?

2. Did the [l]ower [c]ourt err in finding that it was restricted to the language in the Deeds in determining the outcome of the case?

3. Did the language in the Deeds conveying the subject property to Edward C. Wagner and Mary B. Wagner coupled with the testimony of the attorney who drafted the October 22, 1998 Deed [Richard F. Flickenger], that at the time of the transaction he believed Edward and Mary Wagner were husband and wife, establish by a preponderance of the evidence in this case that it was the intent of Edward and Mary Wagner to take the subject property as tenants by the entirety instead of tenants in common?

4. Should the [l]ower [c]ourt have permitted [Appellants] to present additional evidence at trial, beyond the language in the Deeds, as to the intention of Edward and Mary Wagner to take the subject property as "tenants by the entireties?"

5. Should the [l]ower [c]ourt have permitted [ ] Appellants to produce witnesses and evidence at a trial in the Quiet Title Action to establish Edward and Mary Wagner's intent to establish a right of survivorship when they acquired title to the subject premises by two (2) separate Deeds describing them as husband and wife?

6. Should the [l]ower [c]ourt have denied [Appellee's] Motion for Summary Judgment on the basis that there were genuine issues of material fact as to the necessary elements of the cause of action or defense that could be established by additional discovery and at [t]rial?

Appellants' Brief at 7-8.[8]

**Standard and Scope of Review**

The Pennsylvania Supreme Court has delineated our standard of review of an order granting summary judgment as follows:

---

[8] We remind Appellants' counsel to adhere to Pa.R.A.P. 1925(b)(4) and expect future filings under this rule to be more concise than Appellants' Concise Statement of Errors in this matter.

[A]n appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo.* This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

**Summers v. Certainteed Corp.**, 997 A.2d 1152, 1159 (Pa. 2010) (citations omitted).

A trial court may grant summary judgment "only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." **Id.** (citation omitted); **see also** Pa.R.C.P. No. 1035.2(1). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party." **Summers**, 997 A.2d at 1159 (citation omitted). "In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt." **Id**. (citation and internal quotation marks omitted).

### Issue 1 – The trial court's grant of Summary Judgment in favor of Appellee

Appellants first contend that the trial court erred as a matter of law when it granted Appellee's Motion for Summary Judgment because there were

genuine issues of material fact and they required additional discovery and a trial. We disagree.

The determination of the right to survivorship is a question of law and therefore our standard of review is *de novo*. ***In re Estate of Quick***, 905 A.2d 471, 474 (Pa. 2006).

The relevant rights of survivorship are defined as follows. When individuals own property as tenants in common, they "own and possess in equal shares an undivided interest in the whole property." ***In re Engel's Estate***, 198 A.2d 505, 507 (Pa. 1964). In other words, "there is unity of possession but separate and distinct titles." ***In re Estate of Quick***, ***supra***, at 490. Further, "tenants in common are presumed to hold equal shares in the property, and this presumption stands until it is rebutted by competent evidence." ***Moore v. Miller***, 910 A.2d 704, 709 (Pa. Super. 2006) (citations omitted).

When individuals hold property as joint tenants with right of survivorship, title "to that property vests equally in those persons during their lifetimes, with sole ownership passing to the survivor at the death of the other joint tenant." ***In re Estate of Quick***, ***supra***, at 474. A joint tenancy with right of survivorship must be created by express words or by necessary implication, but there are no particular words that must be used in its creation. ***Id***. (internal citations omitted).

By statute in Pennsylvania, survivorship in joint tenancies does not exist unless the instrument creating the estate expressly provides that survivorship

should exist. *See Edel v. Edel*, 424 A.2d 946, 948 (Pa. Super. 1981) (citing Act of March 31, 1812, 20 P.S. § 121, renumbered as 68 P.S. § 110 (1972)). "Since the passage of the Act of 1812, the question of survivorship has become a matter of intent, and in order to engraft the right of survivorship on a co-tenancy which might otherwise be a tenancy in common, the intent to do so must be expressed with sufficient clarity to overcome the statutory presumption that survivorship is not intended." *Id*. at 948 (internal citations omitted).

In *Teacher v. Kijurina*, 76 A.2d 197 (Pa. 1950), our Supreme Court addressed "whether the real estate acquired by deed in which the granting clause merely named the grantees as 'Nick Kijurina and Sarah Kijurina his wife[,]' when in fact they were not married, operated to convey an estate of tenancy in common or vested an estate with incident of survivorship in the nature of a joint tenancy." *Id.* at 200. The *Teacher* Court held that the language "and Sarah his wife" creates an estate by entireties, *i.e.*, an estate with a right of survivorship, if the grantees were in fact husband and wife. Their intent to create such estate could not be imputed, however, where they were not in fact married but merely living together. Thus, a tenancy in common without right of survivorship was created. *See id*. at 202.

In *Estate of Bruce*, 538 A.2d 923 (Pa. Super. 1988), the court applied the holding in *Teacher* to a case that is factually similar to the instant matter. In that case, a decedent had not divorced his previous wife, and the property deeds at issue with his second "spouse" contained only the phrase, "David A.

Bruce and Ruth E. Bruce, his wife." *Id*. at 926-27. They did not contain any words that indicated the intent of the right of survivorship. *Id*. In following *Teacher*, the *Estate of Bruce* court found:

> There are no words in the deeds to which meaning can be given that would enable us to conclude that the parties intended a joint tenancy with right of survivorship. … The deeds here lack the specificity necessary to create a survivorship right and the facts present on the record do not disclose that the intent of David Bruce was to do so.

*Id*. at 927 (internal citations omitted).

Given the record's undisputed facts, *Teacher* and *Bruce* are dispositive of the instant matter. Appellants do not dispute, and the record reflects, that Decedent and Sandra J. Wagner were lawfully married in 1975 and never divorced. Appellants concede that Decedent and Mary B. Wagner were not married at the time of Decedent's passing. Moreover, Appellants concede that as the "informant" on Decedent's death certificate, Mary B. Wagner indicated that Decedent was "never married," *i.e.*, that she did not believe that she and Decedent were married at the time of his death. The deeds at issue contain only the language of "husband and wife" and "his wife;" they contain no language that either creates an inference of the Decedent's and Mary B. Wagner's intent to create a right of survivorship for Mary B. Wagner or rebuts the statutory presumption against her right of survivorship in the properties.

For the foregoing reasons, as a matter of law and as set forth in *Teacher* and *Bruce*, Mary B. Wagner did not have rights of survivorship in the

properties at issue and was a tenant in common with Decedent. Accordingly, the trial court correctly granted Appellee's Motion for Summary Judgment and denied Appellants' Motion for Summary Judgment.

> **Issues 2-5 – Did the trial court err by not allowing Appellants to introduce parol evidence to demonstrate the intent of Decedent and Mary B. Wagner when they acquired title of the two properties at issue?**

Appellants' issues 2 through 5 all contemplate the same question: should the trial court have allowed Appellants to introduce additional evidence other than the deeds themselves in order to prove that Decedent and Mary B. Wagner intended to take the disputed parcels of land as joint tenants with a right of survivorship? Based on Pennsylvania's well-established case law, we agree with the trial court and find that the unambiguous language of the deeds at issue controls and, thus, admitting parol evidence would be improper.

As discussed ***supra***, the language of the deed, and not the intent of the parties, determines if the surviving deed holder retains joint tenancy with right of survivorship. "[When t]he language of the deed is clear and unambiguous[, …] the intent of the grantees must be gleaned solely from its language." ***Teacher***, 76 A.2d at 200. "**In [the] absence of fraud, accident[,] or mistake[,] parol evidence is inadmissible to vary or limit the scope of a deed's express covenants and the nature and quantity of the interest conveyed must be ascertained by the instrument itself and cannot be orally shown.**" ***Moore v. Miller***, 910 A.2d 704, 708 (Pa. Super. 2006)

(emphasis in original). Thus, "parol evidence [can] not be relied upon or referenced to alter a conveyance to two people as tenants in common." *Id.*

Here, Appellants did not introduce any evidence of fraud, accident, or mistake that occurred when the disputed deeds were created. Moreover, Appellants did not assert, and the trial court did not find, that there was ambiguity in the deeds themselves that would properly allow for the introduction of extrinsic evidence. Accordingly, the trial court did not err by basing its decision solely on the deeds themselves.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/14/2018