DORIS AVERY

*v.*

BUD MOORE, *et al.*

(No. 12349)

Submitted September 14, 1965.    Decided October 12, 1965.

*Steptoe & Johnson, George W. McQuain, Kingsley R. Smith, Haymon H. Boggs,* for appellants.

No appearance for appellee.

HAYMOND, JUDGE:

This is a declaratory judgment proceeding instituted in the Circuit Court of Gilmer County, in which the plaintiff, Doris Avery, seeks a determination by the court of the ownership, as between the plaintiff and the defendants, Bud Moore, Allegheny Land and Mineral Company, a corporation, and W. C. Hurtt, doing business as Hurtt Drilling Company, of the oil and gas under certain lands situate on the waters of Sand Fork, in Glenville District, Gilmer County, West Virginia, known as the B. F. Conrad lands, and in particular to have a determination of the interest in the oil and gas underlying a certain tract of land containing fifty acres, a part of the Conrad lands, which was conveyed by the plaintiff to the defendant, Bud Moore, by deed dated October 7, 1946, and of record in the Office of the Clerk of the County Court of Gilmer County.

By agreement of counsel for the respective parties, the case was submitted to the Circuit Court of Gilmer County upon the pleadings and their exhibits, the briefs of counsel and an agreed statement of facts upon which the court was requested to determine the interest in the oil and gas, if any, that was conveyed by the plaintiff Doris Avery to the defendant Bud Moore by the above mentioned deed

dated October 7, 1946. By final decree entered November 5, 1963, the circuit court held that no interest in the oil and gas was conveyed by the deed of the plaintiff to the defendant. Bud Moore.

From that judgment this Court granted this appeal upon the application of the defendant Bud Moore. The other defendants are not involved in this appeal.

The defendant Allegheny Land and Mineral Company filed an answer to the complaint in which it also requested the circuit court to determine the rights of the plaintiff and the defendant Bud Moore in and to the oil and gas in question, and the defendant W. C. Hurtt, doing business as Hurtt Drilling Company, made no appearance in the circuit court in this proceeding.

The case was submitted for decision in this Court upon the pleadings and their exhibits, the agreed statement of facts as stipulated in the trial court and upon the written brief and the oral argument of counsel in behalf of the defendant Bud Moore, who will be referred to as the defendant.

There has been no appearance in this Court in behalf of the plaintiff Doris Avery.

By stipulation of counsel for the plaintiff and the defendant respectively these facts are admitted as true and correct: That on and before October 7, 1946, the plaintiff was the owner of the surface of a tract of fifty acres of land, which was one of five parcels involved in a partition of a larger tract of land made by the heirs of B. F. Conrad, deceased, by inter-parties deed, dated August 1, 1930; that the plaintiff was also the owner of an undivided 1/5 interest in the oil and gas underlying all of the five parcels involved in such partition; and that by deed dated October 7, 1946, the plaintiff conveyed the tract of fifty acres to the defendant Bud Moore. It also appears that, by the deed dated August 1, 1930 and duly recorded in the Office of the Clerk of the County Court of Gilmer County, the children and heirs at law of B. F. Conrad made a voluntary partition of a larger tract of land situate on the waters of Sand Fork,

in Glenville District, Gilmer County, which had been owned by them jointly, subject to a life estate of B. F. Conrad, who died November 23, 1929. The parties to this deed, excluding their spouses, were Olena G. Rymer, Alethe B. Conrad, Howard N. Conrad and Bernard R. Conrad, children of B. F. Conrad, each of whom owned an undivided 1/5 interest in the tract of land, and Rex F. Conrad and Lorena Clark, children of a deceased child of B. F. Conrad, each of whom owned an undivided 1/10 interest in that tract of land. The property was partitioned into five lots, one of which, the fifty acre tract involved in this case, was allotted to Howard N. Conrad. The partition deed was in the usual form and the parties and their spouses conveyed to each other their interest in each of the five parcels involved in the partition. The partition deed contained a reservation of the coal and mining rights and also granted a right of way through lots numbered 5, 3 and 2, for the benefit of lots numbered 4, 5 and 3. The partition deed also contained this provision concerning the oil and gas underlying the five tracts of land: "The lands herein conveyed are now under lease to the Hope Natural Gas Company, a corporation, and the grants herein made are subject to the said lease now in force thereon; and in the event of development under said lease, all parties to this grant shall share in the royalty produced from any portion of said land, according to their respective rights as they existed prior to this partition. But upon the final execution of this deed, each party shall draw rental under the present lease in the proportion that his acreage bears to the entire acreage of said farm under lease. And provided further, that upon the termination of the lease now in force upon said lands, each party to whom grants are herein made shall have the right to lease all the oil and gas in the tract herein conveyed to him or her, and retain all rentals and bonuses paid upon such lease so made, until the same is developed; and when it is developed, all parties to whom grants are herein made shall share in the royalty produced from any of said five tracts of land, according to their respective rights as they existed prior to this conveyance."

140

Sometime prior to October 7, 1946, Howard N. Conrad died intestate, leaving as his sole heir at law his daughter, the plaintiff, Doris Avery, and by deed dated October 7, 1946, containing covenants of general warranty and duly recorded in the Office of the Clerk of the County Court of Gilmer County, the plaintiff and her husband conveyed to the defendant Bud Moore the fifty acre tract which she inherited from her father and which is the same tract of land that was allotted to him as lot numbered 5 in the foregoing partition of the lands of B. F. Conrad. This deed also reserved the coal and mining rights and granted the defendant, as the owner of lot numbered 5, a right of way through lots numbered 3 and 2 of the Conrad lands, in accordance with a similar provision in the partition deed. The deed from the plaintiff to the defendant also contained this provision: "Although the oil and the gas are not hereby reserved, this conveyance is subject to a provision, in the said partition deed, with reference to leasing and developing."

The defendant contends that by virtue of the conveyance by the plaintiff he became the owner of all the oil and all the gas within and under the fifty acre tract, subject to the right of the Conrad heirs, who acquired lots numbered 1, 2, 3 and 4 by the partition, to share in the royalty from the oil and gas within and under the fifty acre tract when the oil and gas should be developed as provided in the partition deed; and the defendant assigns as error the action of the circuit court in holding that the deed from the plaintiff to the defendant, dated October 7, 1946, did not convey any interest to the defendant in the oil and gas within and under the fifty acre tract of land.

Section 11, Article 1, Chapter 36, Code, 1931, provides that "When any real property is conveyed or devised to any person, and no words of limitation are used in the conveyance or devise, such conveyance or devise shall be construed to pass the fee simple, or the whole estate or interest, legal or equitable, which the testator or grantor had power to dispose of, in such real property, unless a contrary intention shall appear in the conveyance or will." Under the

foregoing statutory provision it is clear that the plaintiff, by her deed of October 7, 1946, intended to convey, and did convey, to the defendant all her right, title, interest and estate in and to the tract of fifty acres. By virtue of such conveyance the defendant took the place of the plaintiff and obtained title to the oil and gas in place, which includes the right to do any and all acts necessary to discover and produce the oil and gas within and under the fifty acre tract, the right to lease and dispose of such oil and gas, and the right to receive bonuses and delay rentals. The title of the defendant to the oil and gas, however, is subject to the rights of the owners of the other four tracts involved in the partition to participate and share in the royalties resulting from any development of the oil and gas within and under the fifty acre tract in proportion to their respective interests as provided in the partition deed, that is, the owners of each tract and the defendant shall, as to each tract, be entitled to an undivided 1/5 interest in and to any such royalty produced from the development of the oil and gas within and under the fifty acre tract of land embraced in the deed of October 7, 1946. The provisions of that deed are clear and free from ambiguity and the only interest in the fifty acre tract intended to be reserved by that deed was the coal within and underlying that tract and the mining rights and privileges, which were not owned by the grantor at the time of the conveyance. See *Davis* v. *Hardman,* 148 W. Va. 82, 133 S. E. 2d 77.

The defendant, however, under and by virtue of the deed from the plaintiff, dated October 7, 1946, did not obtain or acquire any right, title or interest in and to the oil and gas or any royalties derived from the oil and gas within and under any of the other four tracts of land involved in the partition deed for the reason that the deed from the plaintiff to the defendant related to and embraced only the oil and gas within and under the fifty acre tract of land and her share of any royalty derived from the development of the oil and gas within and under that tract of land and did not embrace or relate in any manner to any interest in the oil and gas or the royalties derived from the oil and gas

within and under all or any of the other four tracts of land involved in the partition.

A deed conveying a tract of land of fifty acres, in which only the coal and mining rights are reserved, but which is subject to a provision in a prior partition deed which entitles the grantor and other owners of identical undivided interests in the oil and gas within and under all of the tracts involved in the partition of a larger tract into five parcels, one of which is the fifty acre tract, and which deed also grants a right of way over the fifty acre tract and some of the other tracts but which contains no other limitation, operates to grant and convey to the grantee in such deed all of the right, title, interest and estate of the grantor in and to the oil and gas within and under the fifty acre tract, subject to the right of the owners of each of the other four tracts to participate, to the extent of an undivided one-fifth interest, in the royalty when produced from the oil and gas within and under the fifty acre tract; but such deed does not grant and convey to the grantee any interest of the grantor in and to the oil and gas within and under all or any of the other four tracts involved in the partition of the larger tract of land.

The final judgment of the circuit court, being erroneous for the reasons indicated, is reversed and set aside and this proceeding is remanded to that court with directions that it enter a judgment in favor of the defendant in accordance with the principles enunciated in this opinion.

*Reversed and remanded with directions.*