**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Harold Rex Anderson, Jr.
And Harold Rex Anderson, III,
Plaintiffs Below, Petitioners

**FILED**

**November 15, 2016**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) No. 15-0460 (Pleasants County 11-C-39)

Cordelia A. Jones Heirs, et al.,
Defendants Below, Respondents

**MEMORANDUM DECISION**

Petitioners Harold Rex Anderson, Jr. and Harold Rex Anderson, III, through counsel D. Keith White,[1] appeal the April 22, 2015, order of the Circuit Court of Pleasants County that granted partial summary judgment to Respondents, the heirs of six of the seven children of Cordelia A. Jones, excepting only L. Oliver Jones ("heirs of Cordelia A. Jones"), in an action to quiet title to certain mineral interests in a tract of real estate. Specifically, the circuit court ruled that the respondents hold equal shares in the mineral interests. The respondents filed a *pro se* response to the petition for appeal.[2]

This Court has considered the record on appeal and the petitioners' brief and oral argument. Upon our review, we believe that this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision reversing the circuit court's order. For the reasons expressed below, the April 22, 2015, order of the circuit court is reversed and this matter is remanded for further proceedings consistent with this decision.

**I. FACTUAL AND PROCEDURAL HISTORY**

The subject property in this case consists of two tracts of real estate (a fifty acre tract and a twenty-five acre tract) located in Pleasants County, West Virginia. In 1904, this property was owned by Z.T. Jones and his wife Cordelia A. Jones. By will dated

---

[1] By order of September 1, 2016, this Court granted the petitioners' motion to substitute as their counsel D. Keith White in place of Matthew F. Graves.

[2] The respondents filed a one-page response that does not conform to West Virginia Rule of Appellate Procedure 10(10)(d) and (e). Also, while the petitioner presented an oral argument before this Court, the respondents did not.

1

October 29, 1904 and probated December 31, 1904, Z.T. Jones left the real estate to his wife Cordelia at the time of his death.

By deed dated August 1, 1912, Cordelia A. Jones transferred the real estate as follows:

> THIS DEED Made this the 1st day of August A.D. 1912, by and between Cordelia A. Jones, in her own right, as widow of Z.T. Jones deceased and as devisee under the Last Will and Testament of Z.T. Jones, deceased, of Hebron, West Virginia, party of the first part and [grantor] and L. Oliver Jones, also of Hebron[,] West Virginia, party of the second part and grantee.

Following the legal description of the two tracts of real estate, the 1912 deed provides:

> It is expressly understood and agreed, that in case oil is found and produced in paying quantities from said land hereby conveyed that the following named children and heirs at law of Z.T. Jones, now deceased shall have[,] own[,] and possess the usual one-eighth (1/8)[3] thereof or what is commonly known as royalty, jointly and in common, and that said royalty shall be owned and held in common by said heirs, to-wit:
>     Flora B. Lamp, A. Fulton Jones, Emma C. McCullough, Mary D. Jones, William P. Jones, Vesta Nichols and L. Oliver Jones, grantee herein, share and share alike to them their heirs and assigns; But the said L. Oliver Jones shall have the exclusive right to make execute and deliver all such oil and gas leases upon said lands and to receive all rentals and bonuses on account of said leasing in his own right without having to account in any manner to his co-owners in said royalty.

(Footnote added.). The next paragraph in the 1912 deed appears to reserve a life estate for Cordelia A. Jones, but makes clear that any part of the property she is not using for herself is for the grantee L. Oliver Jones's exclusive use and entitlement to profits and proceeds from the farm "except [for] the oil production as hereinbefore provided."

---

[3] It appears that the word "part" is inserted in handwriting immediately after "(1/8)."

By deed of trust dated February 15, 1934, L. Oliver Jones and Zulu Jones, his wife, conveyed the subject real estate without reservation to John Clay Hoover, Trustee, as security for the payment of certain debt owed to the Land Bank Commissioner. Subsequently, L. Oliver Jones and Zulu Jones defaulted on the obligation on the note and deed of trust securing the note. As a result, John Clay Hoover, Trustee, conveyed the real estate to the First National Bank of St. Marys and the Pleasants County Bank of St. Marys. After a series of conveyances, the real estate was ultimately conveyed to the petitioners in this case, Harold Rex Anderson, Jr. and Harold Rex Anderson, III, by deed dated August 2, 2007.[4]

The petitioners filed their complaint to quiet title to the subject property on December 12, 2011, in the Circuit Court of Pleasants County. Both sides filed motions for summary judgment. The petitioners posited that they are the current exclusive owners to not only the surface of the real estate but also the oil and gas interests as well. The petitioners argued that in the August 1, 1912, deed, Cordelia A. Jones's children, with the exception of L. Oliver Jones, are "strangers to the title" in that their names do not appear in the conveyance portion of the deed but only in the "reservation clause" or "exception clause," and therefore were not conveyed any portion of the property. The respondents replied that the modern trend in property law is to seek to honor the intention of the grantor, and it was clearly Cordelia A. Jones's intention to grant to them in the deed a one-eighth interest in the oil and gas.

By order dated April 22, 2015, the circuit court granted partial summary judgment to the respondents. In doing so, the circuit court held that the 1912 deed conveyed equal shares in all of the oil and gas interests to her seven children, and that "the heirs of Cordelia A. Jones," who are the respondents herein, own those interests today.

## II. ANALYSIS

At the outset of our analysis, we note that our review of the circuit court's partial summary judgment order is *de novo*. *See HN Corp. v. Cyprus Kanawha Corp.*, 195 W. Va. 289, 294, 465 S.E.2d 391, 396 (1995) ("[T]he *de novo* review standard [is] applied to a circuit court's entry of summary judgment . . . (citations omitted)).

---

[4] According to the circuit court in its order, the petitioners' ownership of the two tracts of land is not contested. The circuit court concluded that whatever rights the respondents were granted in the 1912 deed were preserved in the chain of title. Further, the circuit court found that some of the respondents have been paying the property taxes on the mineral interests of the property for the last several years. Finally, the circuit court found that several of the respondents executed five year leases with Chesapeake Appalachia, L.L.C. in 2009, although no royalties have yet been paid to any of the respondents.

3

On appeal to this Court, the petitioners ask us to reverse the circuit court's order ruling that the respondents own an interest in the oil and gas underlying the real estate conveyed by Cordelia A. Jones to L. Oliver Jones in the 1912 deed. In support of their position, the petitioners present four assignments of error.[5] This Court, however, does not find it necessary to directly address each of the assignments of error in deciding this case. Instead, we will resort to our general principles of construction in determining the meaning of the pertinent language in the 1912 deed.

Under our law, "[a] valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation but will be applied and enforced according to such intent." Syl. pt. 1, *Cotiga Dev. Co. v. United Fuel Gas Co.*, 147 W. Va. 484, 128 S.E.2d 626 (1962). "In the construction of a deed or other legal instrument, the function of a court is to ascertain the intent of the parties as expressed in the language used by them." *Davis v. Hardman*, 148 W. Va. 82, 89, 133 S.E.2d 77, 81 (1963) (citation omitted). We will now apply these principles to the deed language at issue.

First, the deed clearly conveys the two tracts of real estate to L. Oliver Jones. Specifically, the deed provides:

> THIS DEED, Made this the 1st day of August A.D. 1912, by and between Cordelia A. Jones . . . party of the first part and grantee [sic] L. Oliver Jones . . . party of the second part and grantee.
>
> WITNESSETH: -- That for and in consideration of the sum of One Dollar cash in hand paid the receipt of which is hereby acknowledged, and other valuable consideration, the said party of the first part doth hereby grant, sell, and convey unto the said L. Oliver Jones with covenants of general warranty the two following described tracts of parcels of real estate[.]

This language by itself conveys to L. Oliver Jones the ownership of the subject real estate in fee simple. We pointed out in syllabus point 1 of *Avery v. Moore*, 150 W. Va. 136, 144 S.E.2d 434 (1965), that

---

[5] The petitioners assigned as error the circuit court's findings that the clause pertaining to the heirs of the grantor was not a reservation or exception but rather a conveyance; an interest in real property could pass to a stranger to the deed; the naming of the predominant mineral in a region meant all minerals; and language pertaining to oil royalty meant the oil and gas in place.

4

[u]nder Section 11, Article 1, Chapter 36, 1931, when any real estate is conveyed to any person, and no words of limitation are used in the conveyance, such conveyance operates to pass the fee simple or the whole estate or interest, legal or equitable, which the grantor had power to dispose of in such real property unless a contrary intention appears in such conveyance.

Further, under our law,

[i]n construing a deed, will, or other written instrument, it is the duty of the court to construe it as a whole, taking and considering all the parts together, and giving effect to the intention of the parties wherever that is reasonably clear and free from doubt, unless to do so will violate some principle of law inconsistent therewith.

Syl. pt. 1, *Maddy v. Maddy*, 87 W. Va. 581, 105 S.E. 803 (1921). In construing the deed as a whole, we must also consider the part of the deed that is at issue in this case which provides a 1/8 royalty in the oil to the named children and heirs of Z.T. Jones but indicates that L. Oliver Jones has the exclusive right to make and deliver all oil and gas leases and to receive all rentals and bonuses resulting from the leases without having to account in any manner to his co-owners in the royalty.

We first find that application of our settled law to the above language compels the finding that L. Oliver Jones was granted ownership of the oil and gas in place. According to the syllabus of *Snodgrass v. Koen*, 82 W. Va. 337, 96 S.E. 606 (1918), a deed granting to "to another all the royalty interest in the oil and rentals from gas wells, and in addition confers upon him exclusive authority to drill for oil and gas . . . without restriction or limitation of such upon the exercise of such right, the deed vests in the grantee the fee simple title to the oil and gas in place in the land." The unambiguous language of the deed provides that L. Oliver Jones has the exclusive right to receive all rentals and bonuses resulting from any oil and gas leases. Therefore, we conclude that the 1912 deed conveyed to L. Oliver Jones the ownership of the oil and gas in place.

Second, we find that the deed language conveyed to the other heirs of Cordelia A. Jones a one-eighth royalty interest of any oil produced. This Court has held that "[a] reservation in the conveyance of a parcel of land, of '1/8 of all the oil and gas in and underlying said tract of land that may be produced therefrom, and the right of ingress and egress for the purpose of utilizing the same', means 1/8 of the oil and gas produced as contradistinguished from 1/8 of the oil and gas in place." Syl., *McDonald v. Bennett*, 112 W. Va. 347, 164 S.E. 298 (1932). The plain language of the deed at issue grants to the heirs of Cordelia A. Jones a one-eighth royalty of oil found and produced in paying

5

quantities. Therefore, we conclude that the deed language conveyed to the other children and heirs of Cordelia J. Jones a one-eighth royalty of the oil produced.

This brings us to the dispositive issue in this case, which is whether the respondents as the heirs of Cordelia A. Jones retain their one-eighth royalty interest in oil produced from the subject real estate. We find that according to the clear language of the deed, they do not. The deed indicates that the right of the heirs of Cordelia A. Jones to receive a one-eighth royalty of any oil produced was completely contingent upon the execution of oil leases by L. Oliver Jones. Significantly, the heirs of Cordelia A. Jones were not granted the right to execute oil leases; instead the deed indicates that L. Oliver Jones had "the exclusive right to make execute and deliver all such oil and gas leases upon said lands." The word "exclusive" in this context indicates that the heirs of Cordelia A. Jones were to receive a one-eighth royalty interest in oil produced by oil leases executed only by L. Oliver Jones. As a result, once L. Oliver Jones no longer owned the property including the oil in place, and could no longer execute leases for the production of the oil, the right of the heirs of Cordelia A. Jones to receive a royalty on oil produced was extinguished. Therefore, the respondents no longer retain their one-eighth royalty interest in oil produced from the subject real estate.

### III. CONCLUSION

Based on the foregoing, we find that the circuit court's ruling that the heirs of Cordelia A. Jones continue to hold an interest in the mineral interests referenced in the 1912 deed is in error. Therefore, we reverse the April 22, 2015, partial summary judgment order of the Circuit Court of Pleasants County.

Reversed.

**ISSUED:  November 15, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II